Nathaniel HARVEY, Plaintiff-Appellant,

v.

CITY OF NEW BERN POLICE DEPARTMENT, Defendant-Appellee.

No. 86–3594.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1987.

Decided March 19, 1987.

John H. Harmon (Harmon & Raynor, on brief), New Bern, N.C., for plaintiff-appellant.

Joshua Whedbee Willey, Jr. (Ward, Ward, Willey & Ward, New Bern, N.C., on brief), for defendant-appellee.

Before HALL and CHAPMAN, Circuit Judges, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.

CHAPMAN, Circuit Judge:

This claim was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* At issue is whether the ninety day statutory period for filing an action with the district court commenced when the claimant's wife took delivery of the notice of right to sue. This is a matter of first impression with this circuit, and in affirming the decision of the district court, we adopt the flexible rule which has been fashioned by the Fifth and Eleventh Circuits.

## I.

This action grows out of the decision of the City of New Bern Police Department to promote a white officer instead of the claimant, a black officer, to a position for which both had applied. Believing that the Department's decision turned upon an improper racial motivation, the claimant filed a complaint with the Equal Employment Opportunity Commission.

The EEOC issued a Right to Sue letter on November 26, 1985. This notice was sent to the claimant by certified mail, unrestricted delivery. The claimant's wife received and signed for the letter on November 27, 1985. Apparently, the wife put the letter aside and she and the claimant left town for a Thanksgiving holiday. When they returned the Monday following Thanksgiving, December 2, 1985, the wife told the claimant of the letter and gave it to him. The claimant subsequently employed counsel, who filed a complaint on February 26, 1986, some ninety-one days after the claimant's wife had received the letter.

The City of New Bern moved for summary judgment, arguing that the claimant had not filed his action within ninety days of receiving the notice of right to sue, as required by 42 U.S.C. § 2000e–5(f)(1). Finding no equitable grounds which would require tolling the filing period, the district court granted the City's motion for summary judgment.

## II.

The circuits differ as to when the filing period should began to run. The Seventh Circuit, in *Archie v. Chicago Truck Drivers*, 585 F.2d 210 (7th Cir.1978), has adopted an "actual receipt" rule. The actual receipt rule holds that the statutory period does not begin to run until the claimant actually receives the letter, in this case on December 2, 1985. The Seventh Circuit refused to read any theory of constructive receipt into Title VII, reasoning that to do so would effectively condition a claimant's right to sue on fortuitous circumstances.

The claimant urges this court to adopt the actual receipt rule, arguing that courts have consistently construed 42 U.S.C. § 2000e liberally in order to effectuate its remedial purposes. Claimant asserts that, given the brevity of the notice period, these

remedial purposes would best be served by the actual receipt rule.

Other circuits have criticized the actual receipt rule, arguing that it would enable a claimant to extend at will the deadline for filing his action. The Fifth and Eleventh Circuits have rejected the actual receipt rule in favor of a flexible rule which requires a case-by-case examination to determine if an equitable tolling of the filing period is appropriate.

In *Bell v. Eagle Motor Lines*, 693 F.2d 1086 (11th Cir.1982), the claimant's wife signed for a letter on December 18, 1979. The claimant was out of town at the time and did not learn of the letter until December 26, 1979. Reasoning that the claimant should not enjoy an open-ended time extension, subject to manipulation at will, the Eleventh Circuit held that receipt of the notice by the claimant's wife triggered the running of the filing period. In *Franks v. Bowman Transportation*, 495 F.2d 398 (5th Cir.1974) the notice was received by the claimant's nine year old nephew who promptly lost the notice and never told the claimant that a letter had arrived for him. Under these circumstances, the Fifth Circuit held that the filing period was tolled. In *Espinoza v. Missouri Pacific Railway Company*, 754 F.2d 1247 (5th Cir.1985), the claimant was out of town when the notice arrived and his wife signed for it. The claimant did not receive the letter until eight days later. In this case, the Fifth Circuit found no facts which would require an equitable tolling of the filing period.

The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay. This Congressional desire for expedition and the requirements of justice can best be served by the flexible rule of the Fifth and Eleventh Circuits. We therefore adopt this rule. In a case such as the one at bar, district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period. After reviewing the record before us, we are persuaded that no such grounds are present. Mr. Harvey

knew of the right to sue letter within six days of its arrival and this left him eighty-four days to file his complaint. There has been no showing that this was not sufficient time within which to act. These are not such facts as would support equitable tolling, therefore we affirm the decision of the district court.

AFFIRMED.