907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence S. TAYLOR, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; Wayne Boothe; Anne Winston;
Charlotte Adkins; Joseph Rein, Defendants-Appellees.
 No. 88-3990.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1989.
Decided June 1, 1990.
As Amended June 13, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-87-558-R)
 Gerald T. Zerkin, Gerald T. Zerkin & Associates, Richmond, Va. (argued), for appellant; Karen L. Ely-Pierce, Frank M. Feibelman, Gerald T. Zerkin & Associates, Richmond, Va., on brief.
 Kevin Barcklay Rachel, Senior Attorney, Office of Labor Law, United States Postal Service, Washington, D.C. (argued), for appellees; Jesse L. Butler, Assistant General Counsel, Office of Labor Law, United States Postal Service, Washington, D.C.; Henry E. Hudson, United States Attorney, G. Wingate Grant, Assistant United States Attorney, Richmond, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and JAMES C. FOX, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The appellant, Clarence Taylor, filed this lawsuit against the United States Postal Service, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. Sec. 2000(e). On defendant's motion, this suit was dismissed because it was not filed within the 30-day limitations period, and because the proper defendant was not named. Among other things, the appellant argues that "equitable tolling" should have been employed to make the filing of his complaint timely, and that "equitable tolling" should also be employed to forgive his initial naming of the wrong defendant. The appellee responds that equity does not require tolling in this case. Upon consideration of these arguments, we affirm the dismissal of this suit for failure to file within the limitations period, and thus need not address the second reason for dismissal.*
 
 
 2
 Taylor was fired by the Postal Service in late 1983. According to his employer, he was terminated because of his poor attendance and in light of numerous instances of past discipline. This firing caused Taylor to file a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that his firing was a product of racial discrimination. Various administrative hearings determined that he had no valid claim of racial discrimination. This resulted in a right-to-sue letter being issued to Taylor, so that he could pursue his claim in the courts if he chose to do so.
 
 
 3
 Since this case concerns the application of a limitations period, understanding the chronology of events is crucial. The EEOC's decision was sent by certified mail to Taylor's home address, and it arrived on July 25, 1987 (all future time references are to 1987). It was received and signed for by his landlady. It is unclear when Taylor received this mail from his landlady, for he keeps changing his story. In response to the defendant's motion to dismiss, Taylor stated that he received the letter from his landlady on July 27. In the hearing of the motion to dismiss, Taylor stated that his prior statement had been "error" and that he never received the letter from his landlady. Instead, he claimed that he received a copy of the decision in the "middle of August" in response to his inquiry to the EEOC about the status of his claim. In Taylor's motion for a rehearing, he stated that he received the letter on August 1. Taylor filed a petition to proceed in forma pauperis on August 26, 32 days after the EEOC letter was signed for by his landlady.
 
 
 4
 Taylor, being a federal employee, had 30 days after receiving notice of the final action taken by the EEOC to file his complaint. 42 U.S.C. Sec. 2000e-16(c). The thirtieth day after his landlady received the EEOC letter was August 24. Since Taylor did not file his claim within 30 days of the delivery of the EEOC notice at his residence, his claim is time-barred unless equitable tolling is available.
 
 
 5
 According to Harvey v. City of New Bern Police Department, 813 F.2d 652 (4th Cir.1987), the limitations period begins to run when the EEOC's decision is received at the employee's residence. Harvey refused to adopt a rule that the limitations period would not begin running until the complainant actually receives his EEOC final decision and right-to-sue letter. Although Harvey concerned the 90-day limitations period that applies to non-federal employees in Title VII cases, there is no reason why it should not also apply to the 30-day limitations period that applies to federal employees. In Harvey, we adopted a flexible rule because it properly balanced competing interests. On the one hand, there is a Congressional intent to require expeditious action in claims of discrimination. This is demonstrated by the relatively short limitations period. On the other hand, there are occasional instances where the complainant does not actually receive the EEOC's determination letter with sufficient time to file a claim, through no fault of his own. The flexible rule best meets those competing interests.
 
 
 6
 Equitable tolling is not available in the case at bar. Taylor has advanced no reason why he was unable to file his action on time. Even if one accepts the second story given by Taylor, that he received notice of the EEOC's decision in mid-August (recall that this was the second of three stories), there would still be a gap of approximately one week before his 30-day period would have run. Under Harvey, the tardy plaintiff must make some showing as to why he could not have filed his action within the balance of the limitations period. 813 F.2d at 654. That Taylor was only two days late in filing his lawsuit is not a reason to equitably toll the limitations period. Filing a complaint only a day or two after the 30-day limitations period does not excuse the limitations period unless there is a good reason for being late.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Taylor improperly named the United States Postal Service as defendant, instead of naming the United States Postmaster General. Although we do not address this issue, the controlling case would be Shiavione v. Fortune, 477 U.S. 21 (1986). Under Shiavione, the general rule is that when the proper defendant is not initially named, a party is permitted to amend his complaint to name the proper defendant, if that amendment is made within the limitations period. See also Fed.R.Civ.P. 15(c)