976 F.2d 725
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Juliette M. DIXON, Plaintiff-Appellant,
v.
DIGITAL EQUIPMENT CORPORATION, Defendant-Appellee.
 No. 92-1483.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 9, 1992
Decided: September 30, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-91-733)
 Juliette M. Dixon, Appellant Pro Se.
 Thomas R. Bagby, EPSTEIN, BECKER & GREEN, P.C., Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Juliette Dixon appeals from the district court's grant of summary judgment to Dixon's former employer, Digital Equipment Corporation, in Dixon's employment discrimination action under Title VII, 42 U.S.C.A. § 2000e et seq. (West 1981 & Supp. 1992). The district court concluded that Dixon's complaint was untimely filed on the ninety-first day after Dixon received a right to sue letter from the Equal Employment Opportunity Commission (EEOC), and that no facts existed to support equitable tolling. Reviewing the district court's decision de novo, we affirm.
 
 
 2
 We have held that the right to bring suit under Title VII is lost, absent grounds for equitable tolling, by a failure to file within the ninety-day period following receipt of the EEOC's right to sue letter, pursuant to § 2000e-5(f)(1). Harvey v. New Bern Police Dep't, 813 F.2d 652, 653-54 (4th Cir. 1987). Here, Dixon alleged no grounds for equitably tolling the limitations period, and none is evident on this record. She argued instead that, because the right to sue letter was sent by mail, Fed. R. Civ. P. 6(e) extends the ninety-day period by an additional three days.
 
 
 3
 Rule 6(e) adds an additional three days to any prescribed period where service of notice commences the limitations period and notice is provided by mail. Rule 6(e) serves to alleviate any hardship that might result under Rule 5(b), which provides that service by mail is complete upon mailing. Where the limitations period runs from receipt, however, Rule 6(e) only provides a presumption regarding when notice was received. Mosel v. Hills Dep't Store, 789 F.2d 251, 253 n.2 (3d Cir. 1986) (per curiam). Title VII claimants may only claim this presumption if the date of receipt of the right to sue letter is disputed. Griffin v. Prince William Hosp. Corp., 716 F. Supp. 919, 921 n.7 (E.D. Va. 1989).
 
 
 4
 The EEOC mailed Dixon the right to sue letter on September 3, 1991. Therefore, if the date of receipt were disputed, Dixon would be presumed to have received the letter on September 6, 1991. If Dixon received the letter on September 6, then her complaint was timely filed. The date of receipt, however, is not in dispute.
 
 
 5
 Dixon identified September 5 as the date of receipt during a telephone conversation with the EEOC in October 1991. This conversation was memorialized in an EEOC affidavit. According to Dixon's response to the motion for summary judgment, she relied upon September 5 as the date of receipt in order to calculate (albeit erroneously) the last available date for filing her complaint in federal court. On these facts, we find that the date of receipt was not in dispute and that Dixon was not entitled to claim the presumption of Rule 6(e). Therefore, because her claim was clearly untimely, we affirm the district court.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED