**Sherman L. ROBERSON, Plaintiff,**

v.

**BOWIE STATE UNIVERSITY,
et al., Defendants.**

**Civ. No. PJM 94–3606.**

United States District Court,
D. Maryland.

Sept. 28, 1995.

Sherman L. Roberson, Columbia, Maryland, Pro Se.

Dawna M. Cobb and J. Joseph Curran, Jr., Baltimore, Maryland, for defendants.

## OPINION

MESSITTE, District Judge.

### I.

In this employment discrimination suit, *pro se* Plaintiff Sherman L. Roberson sues his former employer, Bowie State University, and several of its officers or employees (collectively "Defendants").[1]

Defendants have filed a Motion to Dismiss for, among other reasons, failure to state a cause of action. Despite four extensions of time to file a response, Plaintiff has filed no opposition. In granting Plaintiff's fourth request, the Court directed that no further extensions would be granted for Plaintiff's response. The final deadline of August 30, 1995, has passed with still no response from Plaintiff. The Court, having considered Defendants' Motion and Plaintiff's Complaint, has determined to GRANT Defendants' Motion to Dismiss for the reasons stated below.

### II.

The salient facts are these:

---

1. The other Defendants are James E. Lyons, Zola Boone, Nathaniel Pollard, John Dill, Pamela Holland, and Donald Langenberg. Although Harold

Plaintiff was employed in 1979 as an Equal Employment Opportunity Officer in the University of Maryland system. In September 1992 he was transferred to Bowie State University. Plaintiff, who is a black male, alleges that Defendants, acting individually and as co-conspirators, on the basis of his race and age, terminated his employment of 15 years; maintained a discriminatory employment system; withheld his salary and benefits; retaliated against him because of his complaints; and subjected him to stricter standards than similarly situated white employees.

In Count I of the Complaint, Plaintiff alleges violations of 42 U.S.C. §§ 1981 and 1985.

In Count II, incorporating the same allegations of Count I, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964.

In Count III, again on the same factual basis, Plaintiff claims intentional infliction of emotional distress, a state law tort.

### III.

■ In assessing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court accepts all well-pleaded facts as true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977).

### IV.

Defendants argue and the Court agrees that Plaintiff's Complaint is virtually devoid of specific facts that state a claim under any of the causes of action set forth in the Complaint.

■ Beginning with Count I, to the extent that Plaintiff has brought § 1981 claims for damages against Bowie State University or against the individual defendants in their official capacities, these claims must be dismissed because the Eleventh Amendment bars them. *See McAdoo v. Toll*, 591 F.Supp. 1399, 1402 (D.Md.1984). While the Eleventh Amendment does not bar suits for damages against state officials in their individual ca-

---

Delaney is named as a defendant, Plaintiff has reported that Delaney is deceased and process will therefore not issue as to him or his estate.

pacities, Defendants argue that the individual defendants should be deemed to have been sued only in their official capacities under the doctrine of *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir.1989), which holds that plaintiffs in civil rights cases are required to properly allege the capacity in which individual defendants are sued. The Fourth Circuit, however, has recently rejected such a strict pleading requirement for similar claims. *Biggs v. Meadows*, 66 F.3d 56, 60 (4th Cir.1995). "[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Id.* at 61. In Count I of Plaintiff's Complaint, he does allege that Defendants acted both "individually and as co-conspirators." Moreover, Count I asks for compensatory and punitive damages, which are only available in individual capacity suits; therefore, the individual defendants are on notice that they are being sued in their individual capacities. *See id.*

Although Plaintiff has sufficiently alleged the capacity in which the individual Defendants are being sued, Count I is fatally flawed for a different reason. Under Fed. R.Civ.P. 12(b)(6), bare allegations that negative consequences occurred because one is black or because one complains about employment practices do not satisfy the level of pleading required to state a claim of intentional racial discrimination. *See General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1992) (holding that section 1981 can be violated only by purposeful discrimination); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979) ("Complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation."). Since Plaintiff does not allege specific conduct that, if true, would amount to a violation of § 1981, the § 1981 claims in Count I against the individual Defendants must be dismissed.

The § 1985(3) conspiracy claims in Count I must also be dismissed for failure to state a claim. Since he has not alleged specific facts to support intentional discrimination, a fortiori Plaintiff has not alleged facts that would support a finding of concerted effort by Defendants to deprive him of his rights. Additionally, a university cannot conspire with its own employees in violation of § 1985(3). *See Buschi v. Kirven*, 775 F.2d 1240, 1252 (4th Cir.1985); *Lieberman v. Gant*, 474 F.Supp. 848, 875 (D.Conn.1979), *aff'd on other grounds*, 630 F.2d 60 (2d Cir. 1980) (holding that plaintiff cannot state a claim for conspiracy between university and its employees if employees' actions were taken in course of official duties).

In Count II, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964. Defendants argue and again the Court agrees that this count should be dismissed because of untimely filing. A Title VII action must be brought within ninety days after the issuance of a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). In this case, Plaintiff filed his suit one day late.[2] The Court must examine the facts to determine if reasonable grounds exist for an equitable tolling on the filing period. *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 654 (4th Cir.1987). In *Harvey*, plaintiff's wife signed for the right-to-sue letter and plaintiff actually knew about the letter within six days after its arrival. Based on the date of his wife's receipt, plaintiff in *Harvey* was also one day late in filing his civil action. The court found "no showing" that plaintiff did not have sufficient time to act and dismissed the case as untimely. *Id.* In the present case, Plaintiff likewise admits that he knew of the right-to-sue letter within seventeen days of his daughter's receipt of it. As in *Harvey*, such facts, taken as true, do not justify a finding that Plaintiff had insufficient time to act in the ninety-day period ending on December 27, 1994. Plaintiff's Title VII claim is thus

---

2. Although Plaintiff apparently alleges that his daughter signed for the letter and that he did not open it until October 14, 1994, the ninety-day period started on September 27, 1994, when the letter was received at Plaintiff's home. Plaintiff

filed his suit 92 days later on December 28, 1994. Since the Christmas holiday was observed on December 26, 1994, which was the 90th day, Plaintiff had until December 27, 1994, to timely file.

untimely and must be dismissed as to all Defendants.

■ Finally, Plaintiff's Count III alleges intentional infliction of emotional distress under Maryland law. To sustain this claim, Plaintiff must allege facts that show intentional or reckless conduct that is extreme and outrageous, and that there is a causal connection between the conduct and severe emotional distress. *Harris v. Jones,* 281 Md. 560, 380 A.2d 611 (1977). Plaintiff, however, alleges no such facts at all. Accordingly, his claim in Count III will be dismissed.

### V.

For the reasons set forth above, all three counts of Plaintiff's Complaint will be dismissed as to all Defendants.