**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WINFORD T. HOUDESHELL,
Plaintiff-Appellant,

v.

ARTERY PROPERTY MANAGEMENT,
INCORPORATED; FAIRLAND GARDENS
ASSOCIATES, LIMITED,
Defendants-Appellees.

No. 96-1355

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-94-2939-PJM)

Submitted: February 13, 1997

Decided: February 27, 1997

Before WIDENER and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sheldon L. Gnatt, REICHELT, NUSSBAUM, LAPLACA & MIL-
LER, Greenbelt, Maryland, for Appellant. William J. Chen, Jr., John
B. Walsh, Jr., CHEN, WALSH, TECLER & McCABE, L.L.P.,
Rockville, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Winford T. Houdeshell sued his employer alleging a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102-12213 (1994). After a hearing, the district court granted summary judgment to the employer because it found that Houdeshell had failed to timely file suit within ninety days of the Equal Employment Opportunity Commission's ("EEOC") "right-to-sue" letter and because the court found no grounds meriting the application of the doctrine of equitable tolling. For the reasons that follow, we affirm.

An ADA claimant who fails to file a complaint within the ninety-day statutory time period mandated by Title VII, 42 U.S.C. § 2000e-5(f) (1994),* generally forfeits the right to pursue his claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). Although the ninety-day time period is subject to equitable tolling, one who fails to act diligently cannot invoke equitable principles to excuse lack of diligence. Id. at 151. We have held that the actual receipt of the right to sue letter is not necessary to trigger the limitations period, because to do so would allow for manipulation of the limitations period. See Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993) (delivery of a notice to pick up a certified letter at the post office triggers the ninety-day limitations period--not the date when the letter is actually picked up); Harvey v. City of New Bern Police Dep't., 813 F.2d 652, 654 (4th Cir. 1987) (90-day period began when wife received letter not six days later when she informed claimant of letter).

_____

*ADA claims utilize the powers, remedies and procedures outlined in Title VII discrimination actions so that an ADA claimant has 90 days after the EEOC's issuance of a right-to-sue letter to file suit. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1).

2

Reviewing the facts and inferences in the light most favorable to the nonmoving party, we review a district court's grant of summary judgment de novo. Donmar Enters., Inc. v. Southern Nat'l Bank of N.C., 64 F.3d 944, 946 (4th Cir. 1995). Accordingly, the record reveals that on July 8, 1994, the EEOC mailed its right-to-sue letter to the address Houdeshell had provided. Because, however, Houdeshell moved and failed to provide the EEOC with his new address, he did not actually receive the letter until July 26. Notwithstanding the fact that Houdeshell, who was represented by counsel, had seventy-two days in which to timely file suit, he did not file suit in the district court until October 24, 1994.

We find that the district court performed a thorough hearing and correctly found no grounds which would require an equitable tolling of the filing period. Houdeshell, himself, was responsible for the eighteen-day delay in actual receipt of the EEOC letter. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. at 151 (one who fails to act diligently cannot invoke equitable principles to excuse lack of diligence). Further, Houdeshell failed to show why the remaining seventy-two days was not sufficient time in which to file his action. Harvey, 813 F.3d at 654; see also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) (noting that principles of equitable tolling do not generally extend to garden variety claims of excusable neglect). Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court argument would not aid the decisional process.

AFFIRMED

3