**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL G. RADIN,
Plaintiff-Appellant,

v.

No. 95-2007

MARVIN RUNYON, Postmaster
General, U.S. Postal Service,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CA-94-969-A)

Submitted: April 17, 1997

Decided: April 30, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael G. Radin, Appellant Pro Se. Rachel Celia Ballow, Margaret
Ann Smith, OFFICE OF THE UNITED STATES ATTORNEY,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael G. Radin, an employee of the United States Postal Service, filed an action alleging employment discrimination due to a disability, under the Rehabilitation Act, 29 U.S.C. §§ 791, 794a (1994), and in retaliation for making previous complaints of discriminatory treatment under Title VII of the Civil Rights Act, 42 U.S.C. 2000e-16 (1994). After a hearing, the district court granted summary judgment to the employer because it found that Radin had failed to timely file suit within ninety days of the Equal Employment Opportunity Commission's ("EEOC") final decision notifying him of his right to sue within ninety days and because the court found no grounds meriting the application of the doctrine of equitable tolling. For the reasons that follow, we affirm.

A discrimination claimant who fails to file suit within the ninety-day statutory time period mandated by Title VII* generally forfeits the right to pursue his claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150-52 (1984). Although the ninety-day time period is subject to equitable tolling, one who fails to act diligently cannot invoke equitable principles to excuse lack of diligence. Id. at 151. We have held that the actual receipt of the right to sue letter is

_____

*Rehabilitation Act claims against government employers utilize Title VII's procedural scheme. See 29 U.S.C. § 794a(a)(1) (1994) (the Rehabilitation Act utilizes the remedies, procedures and rights available to claimants of federal job discrimination under 42 U.S.C. § 2000e-16 (1994)). Section 2000e-16(c), in turn, requires claimants to file a court action within 90 days after the EEOC's issuance of a final action, notifying claimant of his right to sue). See also Spence v. Straw, 54 F.3d 196, 199-200 (3d Cir. 1995) (holding that a suit under the Rehabilitation Act is exclusive means by which a plaintiff may raise such a claim against a federal agency and that the claim must comply with Title VII's exhaustion and filing procedures).

2

not necessary to trigger the limitations period, because to do so would allow for manipulation of the limitations period. See Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993) (delivery of a notice to pick up a certified letter at the post office triggers the ninety-day limitations period--not the date when the letter is actually picked up); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987) (ninety-day period began when wife received letter--not six days later when she informed claimant of letter).

At a hearing on Defendant's motion to dismiss, it was uncontested that Radin did not timely file suit after the EEOC's issuance of a final decision, clearly notifying him of his right to file a court action within ninety days. Radin's only defense at the hearing was that he "did not receive the decision in regards to this matter directly but only received a copy from my representative." Radin made no allegation that he received a copy of the decision in an untimely manner or otherwise present the court with facts meriting the application of equitable tolling. Thus, the district court granted the Defendant's motion to dismiss.

We find that the district court conducted a thorough hearing and correctly found no grounds which would require equitable tolling of the filing period. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) (noting that principles of equitable tolling do not generally extend to garden variety claims of excusable neglect); Baldwin County Welcome Ctr., 466 U.S. at 151.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3