**Dwayne Robert BEALE, Plaintiff,**

v.

**BURLINGTON COAT FACTORY,**
**Defendant.**

**Action No. 2:98cv768.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 20, 1999.

Dwayne Robert Beale, Portsmouth, VA, pro se.

Steven Lieberman, Lieberman & Martin, P.C., Chesapeake, VA, James E. McGrath, III, Mark A. Hernandez, Putney, Twombly, Hall & Hirson, New York City, for Defendant.

### MEMORANDUM OPINION
### AND FINAL ORDER

JACKSON, District Judge.

This matter is before the Court on Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Both parties have submitted briefs on the relevant issues; thus, the matter is ripe for judicial determination. For the reasons set forth below, Plaintiff's case is **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff worked for Defendant as a visual display person and janitor from April 1994 to October 1994. In October 1994, Plaintiff left Defendant to pursue other employment opportunities. Thereafter, Plaintiff applied for a part-time sales associate position with Defendant in May, July, and August 1996. Defendant did not rehire Plaintiff. Plaintiff claims that he was not rehired because of his

religious convictions in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

On or about December 2, 1996, Plaintiff filed a claim of religious discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated Plaintiff's charge and concluded that there was no violation of Title VII. On March 26, 1998, the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter stating that the evidence obtained during their investigation did not indicate that Defendant violated Title VII.

Plaintiff instituted this *pro se*[1] action by a complaint filed in this Court on July 8, 1998. On August 14, 1998, Defendant filed its answer and a motion for judgement on the pleadings. Defendant submitted a memorandum of law in support of its motion for judgement on the pleadings and attached an affidavit and a copy of the March 26, 1998 letter from the EEOC as part of this memorandum.[2] Defendant filed a Notice to Pro Se Party of Defendant's Motion for Judgement on the Pleadings on September 9, 1998. On September 29, 1998, Plaintiff filed a response to Defendant's motion for judgement on the pleadings.[3]

## II. STANDARD OF REVIEW

A court may grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the court reviews the record as a whole and in the light most favorable to the nonmoving party; "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The court's role is a limited one; "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. 2505. A genuine issue for trial is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505. The issue of fact must be material as well as genuine. The inquiry thus focuses ultimately on "whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252, 106 S.Ct. 2505. Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. [because then] there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

## III. DISCUSSION

Defendant argues that Plaintiff's religious discrimination claim was not timely filed. Title VII plaintiffs have 90 days to file suit in federal court after the EEOC has given them notice of the right to sue. *See* 42 U.S.C. § 2000e–5(f)(1). Plaintiff argues that his complaint was timely because he did not actually receive the right-to-sue letter from the EEOC until April 28, 1998. *See* Plaintiff's Response to Defendant's Motion for Judgement on the Pleadings at 1. Furthermore, Plaintiff contends that because the EEOC letter arrived at an address from which he was "no longer welcome," and without his knowledge, the 90–day time period should begin on the date he actually received the letter. *See id.* Plaintiff's reliance on the date of actual receipt is erroneous in light of clearly established Fourth Circuit precedent.

---

**1.** The Court notes that it must be solicitous of *pro se* litigants.

**2.** Because the Court is considering matters outside of the pleadings in reaching its decision, the Court views Defendant's motion as a motion for summary judgment.

**3.** The Court notes that Defendant submitted an unauthorized pleading on January 15, 1999. Accordingly, the Court refuses to consider this pleading in reaching its decision.

In *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir.1987), the Fourth Circuit explicitly rejected the "actual receipt" rule in holding that the delivery of a right-to-sue letter to a plaintiff's home triggers the 90–day time period even if the plaintiff does not actually receive the letter. *Harvey*, 813 F.2d at 654; *see Watts–Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir.1993). Thus, the Court must determine the date the letter was delivered to Plaintiff's home in order to ascertain whether Plaintiff's suit was timely filed.

■ It is unclear when the right-to-sue letter was delivered to Plaintiff as neither party makes a claim as to the date the EEOC letter arrived at Plaintiff's home. Thus, the Court will apply the presumption articulated in Federal Rule of Civil Procedure 6(e) [4] to conclude that the right-to-sue letter arrived at Plaintiff's home three days after it was mailed. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Griffin v. Prince William Hosp. Corp.*, 716 F.Supp. 919, 921 n. 7 (E.D.Va.1989). Plaintiff therefore received constructive notice of his right to sue on March 29, 1998. Because the Court finds that the 90–day time period began on March 29, 1998, the Court holds that Plaintiff's filing of his Title VII claim on July 8, 1998 was not timely.

■ Nonetheless, the Supreme Court has established the rule that the 90–day limitations period is subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (stating Title VII filing requirements are not jurisdictional prerequisites). However, the Supreme Court has only recognized the doctrine of equitable tolling in limited situations. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling inappropriate "where the claimant failed to exercise due diligence in preserving his legal rights"). Equitable tolling is appropriate only "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* The Fourth Circuit similarly states that this relief should be granted sparingly. *See Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201 (4th Cir.1990) ("[e]quitable tolling is a narrow limitations exception").

■ Plaintiff offers two reasons equitable tolling should be applied in this case: (1) on February 15, 1998, Plaintiff "was put out" of the home where the EEOC letter was sent because he "did not have a job" and he "was no longer welcome," and (2) Plaintiff did not actually receive the right-to-sue letter until April 28, 1998. *See* Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings at 1.

Plaintiff asserts that his case should proceed because the right-to-sue letter was mailed to an address where he was not residing. This argument is without merit. It is Plaintiff's responsibility to provide the EEOC with his current address and to inform them of any prolonged absence or change of address. *See Griffin*, 716 F.Supp. at 921 (citing 29 C.F.R. § 1601.7(b) [5]). Furthermore, the EEOC "is entitled to rely on the address plaintiff furnished and to start the running of the 90 day period by sending the right-to-sue letter to that address." *Id.* The Court concludes that Plaintiff's first argument for equitable tolling is insufficient because he has the burden of informing the EEOC of a change in his living situation. *See Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir.1983) (holding plaintiff's failure to notify

4. Federal Rule of Civil Procedure 6(e) states:
   **(e) Additional Time After Service by Mail.**
   Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.
   Fed.R.Civ.P. 6(e).

5. 29 C.F.R. § 1601.7(b) states "[t]he person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." 29 C.F.R. § 1601.7(b).

the EEOC of her address change which resulted in a lack of actual notice did not toll the running of the 90–day time period).

Similarly, Plaintiff's second argument for equitable tolling is without merit. Plaintiff claims that he learned of the right-to-sue letter from his Aunt, who told him that he had "important mail" at his previous address. *See* Plaintiff's Response to Defendant's Motion for Judgement on the Pleadings at 1. Consequently, Plaintiff went to his former home and picked up the EEOC letter on April 28, 1998. *See id.* By Plaintiff's own admission, he actually received the right-to-sue letter within 30 days of its arrival, and he was left with 60 days to file his complaint. There has been no showing by Plaintiff that he had insufficient time to bring suit in federal court. *See Vogel v. American Home Products Corp. Severance Pay Plan*, 122 F.3d 1065, 1997 WL 577578, at *3 (4th Cir. 1997) (unpublished) (equitable tolling inappropriate where plaintiff had 10 days to file suit under 90–day time limit); *Watts–Means*, 7 F.3d at 42 (equitable tolling inappropriate where plaintiff had 85 days to file claims); *Harvey*, 813 F.2d at 654 (equitable tolling inappropriate where plaintiff had 84 days to file his complaint); *Sanderlin v. La Petite Academy, Inc.*, 637 F.Supp. 1166, 1169–71 (E.D.Va.1986) (equitable tolling inappropriate where plaintiff had 87 days to file suit); *Roberson v. Bowie State University*, 899 F.Supp. 235, 238 (D.Md.1995) (equitable tolling inappropriate where plaintiff had 73 days to file suit). The Court finds that the facts in this case do not support the application of equitable tolling.

In short, Plaintiff's Title VII claim is untimely, and the Court refuses to apply the doctrine of equitable tolling to extend the 90–day limitations period. Therefore, there is no genuine issue of material fact, and Defendant is entitled to judgment as a matter of law. Plaintiff's suit is hereby **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's case is **DISMISSED WITH PREJUDICE.**

Plaintiff is **ADVISED** that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order.

The Clerk is **DIRECTED** to send a copy of this order to Plaintiff and to counsel for Defendant.

**IT IS SO ORDERED.**