Holly K. COEN, Plaintiff,

v.

**RIVERSIDE HOSPITAL,
et al., Defendants.**

No. 3:97CV7425.

United States District Court,
N.D. Ohio,
Western Division.

April 19, 1999.

Guy Saglioccolo, Toledo, OH, Mary Patricia Toth, Law Offices of Mary Patricia Toth, Toledo, OH, for plaintiff.

Ronald S. Moening, Sr., Robison, Curphey & O'Connell, Toledo, OH, for defendants.

## ORDER

CARR, District Judge.

This is a Title VII case in which the defendants have moved to dismiss on the basis that the complaint was not filed within ninety days of the receipt by plaintiff of the right to sue notice. (Doc. 44). For the reasons that follow, motion shall be overruled.

The EEOC sent the right to sue letter by certified mail. The envelope containing the right to sue letter indicates that the letter carrier left notice of attempted delivery on February 12, 1997, and February 19, 1997. The notation on the envelope also indicates that the letter would be returned on February 27, 1997.

Plaintiff took delivery of the letter on February 25, 1997. Her complaint in this case was filed on May 27, 1997, the day following Memorial Day.

For the filing of the complaint to have been timely, it had to be filed within ninety days after plaintiff's receipt of the right to sue letter. 42 U.S.C. § 2000e–5(f)(1). According to defendants, plaintiff received the right to sue letter when she had notice of the attempt to deliver the letter.[1] This contention is based on the Fourth Circuit's holding in *Watts–Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir.1993);

> [T]he limitations period is triggered when the Postal Service delivers notice to a plaintiff that the right-to-sue letter is available for pick up, and not when the letter is actually picked up. Requiring actual pick up to trigger the period would allow for . . . manipulation of the limitations period. . . .

Similar concerns with possible manipulation of the limitations period had led that court earlier to reject the argument that the ninety day period begins to run only with actual receipt by the plaintiff of the right to sue letter. *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987).

Arguing against application of this doctrine, plaintiff points out that no other court to consider the issue has taken the Fourth Circuit's approach. Those courts have looked, rather, to whether the plaintiff has been at fault for any delay in actual receipt of the right to sue letter. *St. Louis v. Alverno College*, 744 F.2d 1314 (7th Cir.1984); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309 (7th Cir.1984). In the view of these cases, a plaintiff must take reasonable steps to ensure actual receipt of the right to sue letter.

The better approach, in my view, is to reject the doctrine of constructive receipt espoused by the Fourth Circuit in *Watts– Means* and *Harvey*. *See Franks v. Bowman Transp. Co.*, 495 F.2d 398, 404 (5th Cir.1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976) (doctrine of constructive receipt inapplicable in Title VII cases, because such doctrine "would poorly serve the remedial purposes of Title VII"). In circumstances such as this, where actual receipt occurs within the period allowed by the Postal Service for claiming undelivered mail, there will be no opportunity for the kind of "manipulation" of the limitations period that was troublesome to the Fourth Circuit in *Watts–Means* and *Harvey*. In the normal course, the letter will be returned within a couple of weeks after the initial attempt at its delivery to the EEOC.[2]

---

1. Plaintiff claims not to remember receiving notice on February 12th. Defendant is willing to accept this representation on her behalf, which does not affect their argument. If receipt of the right to sue letter is deemed to have occurred on February 25th, plaintiff's complaint was still not filed within the requisite ninety days. In any event, even if receipt were deemed to have occurred on the earlier date, the outcome in this case would be the same.

2. My ruling in this case is limited to its facts: namely, actual receipt of the right to sue letter after initial notices of attempt to deliver and prior to return of the letter to the sender. Were the letter thereafter sent again and received, a question might properly arise about plaintiff's failure to have responded earlier to

As defendants argue, plaintiff may have the burden of proof to show compliance with the ninety day filing requirement, *see* *Williams v. Enterprise Leasing*, 911 F.Supp. 988 (E.D.Va.1995). I decline to require, as part of that burden, a showing by plaintiff of why she failed to respond earlier to the notices of nondelivery. To require a plaintiff to explain her unresponsiveness and then to ask courts to determine which reasons are acceptable and which are not would simply add an undesirable and unnecessary layer of uncertainty. The law and litigants are better served by a clear and simple rule, whereby the limitations period starts running on the date of actual receipt after earlier notices of attempt to deliver. This is especially true where, as here, the defendants allege no prejudice from the delay between the notices of attempted delivery and plaintiff's actual receipt of the letter.

It is, therefore,

ORDERED THAT defendants' motion to dismiss be, and the same hereby is overruled.

So ordered.

the notices of attempted delivery. In such cases, it might be appropriate to ask the plaintiff to show cause for her failure to have responded to the earlier notices.