**Ealnor J. GREY, Plaintiff,**

v.

**William J. HENDERSON, Postmaster of the United States Postal Service, Defendant.**

**No. 1:00CV964.**

United States District Court, M.D. North Carolina.

Sept. 24, 2001.

---

Romallus O. Murphy, Greensboro, NC, for Plaintiff.

Lynne P. Klauer, Office of U.S. Atty., Greensboro, NC, for Defendant.

### MEMORANDUM OPINION
### and ORDER

OSTEEN, District Judge.

Ealnor J. Grey filed a complaint against William J. Henderson, Postmaster General of the United States Postal Service (USPS), alleging that she was subjected to discrimination on account of her race and disability while employed with the USPS. Currently before the court is Defendant's motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to file her complaint within 90 days of receiving her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), as required by 42 U.S.C. § 2000e–16(c). For the reasons stated herein, Defendant's motion to dismiss will be denied.

## I. FACTUAL BACKGROUND

Plaintiff, a black female, presently resides in Ohio. Prior to establishing her residency in Ohio, she lived in Guilford County, North Carolina, where she was employed with the USPS. According to her complaint, during the course of her employment, Plaintiff suffered from continuous discriminatory conduct because of both her race and a physical disability from which she suffered as a result of a serious automobile accident. For example, Grey claims that in response to her request for accommodations to alleviate difficulties stemming from her disability, Defendant "deviated from the usual practices for disability claims and used strict, rigid, harsh and oppressive policies with respect to [her] claim." (Compl. at 3.) Plaintiff further contends that she was not allowed to

attend certain training sessions that are required for advancement at the USPS, was denied promotions, suffered from harassment, and eventually was demoted. This discriminatory treatment led her to file a claim with the EEOC.

The complaint Plaintiff filed in the current action alleges that Defendant's acts of discrimination violated the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In support of her claims, Grey states that she received her right-to-sue letter from the EEOC on June 25, 2000. The letter (only pages four and five of the letter are attached to the complaint) indicates that it was signed and mailed by an EEOC representative on June 20, 2000. At the conclusion of the letter, after informing Grey of her right to bring an action within 90 days of her receipt of the notice,[1] the letter has a separate, bold-faced paragraph labeled "Certificate of Mailing." Under that heading, the letter provides that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days of mailing." (Compl., EEOC letter.) Plaintiff filed her complaint on September 25, 2000.

## II. MOTION TO DISMISS

Defendant claims that the complaint must be dismissed because it was not filed within 90 days of Plaintiff's receipt of her right-to-sue letter, as required by 42 U.S.C. § 2000e–16(c). In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all allegations of the non-moving party and draw all reasonable inferences in that party's favor. *Martin Marietta Corp. v. International Telecommunications Satellite Org.,* 978 F.2d 140, 142 (4th

---

**1.** Additionally, the letter provides that if Plaintiff wants the EEOC to reconsider her claim, she must file her request for reconsideration within 30 days of receipt of the letter.

Cir.1992). A claim should not be dismissed under Rule 12(b)(6) unless the nonmoving party can prove no set of facts entitling her to relief. *Id.* (citation omitted).

■ In determining when the 90–day period for filing such a discrimination claim commences, the Fourth Circuit applies a case-by-case analysis. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir.1987). Where the date of actual receipt of the right-to-sue letter is verified by evidence, that date controls. *See Dixon v. Digital Equip. Corp.*, 976 F.2d 725, No. 92–1483, 1992 WL 245867, at *1 (4th Cir. Sept.30, 1992). However, if the date of receipt is at issue, "it is presumed that service by regular mail is received within three days pursuant to Rule 6(e) of the Federal Rules."[2] *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, No. 98–2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (recognizing that "[t]he date on which the claimant received the EEOC letter becomes critical in determining the commencement of the 90–day period").

■ The parties agree that Plaintiff's right-to-sue letter was signed and mailed by an agent of the EEOC on June 20, 2000. Defendant argues that the three-day presumption of Rule 6(e) should apply to the current facts, thereby deeming the date of receipt June 23, 2000, three days after the right-to-sue letter was mailed. If the presumption was applied in this case, Plaintiff's complaint would not have been filed within the 90–day period and her complaint should be dismissed as untimely. However, in her complaint, Grey contends that she did not receive the letter until June 25, 2000. Because the three-day presumption of Rule 6(e) is applicable only where the date of receipt is unknown or in dispute, it is improper to apply it in adjudication of the current motion. Plaintiff specifically pled that she received the letter on June 25, 2000. Therefore, for purposes of this motion, the court must take her allegation as true and assume that the actual date of receipt was June 25, 2000. Because the date of receipt therefore is not in dispute, at least for purposes of this motion to dismiss under Rule 12(b)(6), Plaintiff's complaint was filed within the requisite 90–day period.[3]

Defendant argues that Grey could not have actually received the right-to-sue letter on June 25, 2000, because it was a Sunday. While the court recognizes that the date at issue was a Sunday and that mail ordinarily is not delivered on Sunday, this is not the proper time to consider this factual issue. The complaint clearly states that Plaintiff received the letter on June 25, 2000. Therefore, the complaint sufficiently states that the claim was timely.

■ Even if there were evidence before the court indicating that the letter's actual date of arrival at Plaintiff's residence was earlier than June 25, 2000, thereby placing the filing date of her complaint outside the 90–day period, the court would not grant Defendant's motion to dismiss. It is well established in this circuit that where a thorough examination of the particular

**2.** Federal Rule of Civil Procedure 6(e) provides that

[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

**3.** The 90–day time period expired on Saturday, September 23, 2000. Therefore, in order to be timely, Plaintiff's complaint had to be filed by the next business day, which was Monday, September 25, 2000. Plaintiff filed her complaint on that day.

facts of a case reveals equitable considerations that support the exercise of equitable tolling, the court may depart from application of the otherwise strict 90–day filing rule. *See Harvey*, 813 F.2d at 654. Although equitable tolling of the requisite filing period is rarely invoked, courts freely allow it where the plaintiff's delay in filing was the result of misleading conduct or misinformation by the agency which sent the letter. *See, e.g., Bishop v. Hazel & Thomas, PC,* 151 F.3d 1028, No. 97–2284, 1998 WL 377912, at *2 n. 3 (4th Cir. July 1, 1998) (citations omitted) (recognizing, in dicta, that "[t]he doctrine of equitable tolling applies to toll the limitations period when, due to agency error or misinformation, a complainant fails to meet the time requirements for filing ... a civil action").

■ The particular circumstances surrounding the present case justify the exercise of equitable tolling. The right-to-sue letter Plaintiff received from the EEOC specifically provided that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days of mailing." (Compl., EEOC letter.) Applying the five-day presumption to the case at bar, Plaintiff believed that "receipt" of the letter for purposes of filing her complaint occurred on June 25, 2000, five days after the date indicated on the letter.

Defendant contends that this five-day presumption was intended merely to apply to the 30–day period in which to file a request for reconsideration by the EEOC and not to the 90–day period in which to file a civil action. In light of the language used in the right-to-sue letter, the court finds such a distinction to be unreasonable. If it indeed was the intention of the EEOC to apply the five-day presumption only to requests for reconsideration and not to the filing of civil actions, then the agency should have clarified its objective in the letter sent to Plaintiff. Rather, the EEOC placed the information about the five-day presumption at the end of the letter, below the information concerning both requests for reconsideration and civil complaints. It is unreasonable to expect the recipient of such a letter to differentiate between the application of the five-day presumption for the two filing periods, if that in fact was the EEOC's intention. The court can find nothing in the applicable statutes or regulations authorizing the application of a five-day presumption by the EEOC. If the agency wishes to continue applying such a presumption to requests for reconsideration of claims, it needs to clarify its position in letters sent to claimants. Because the EEOC's letter to Plaintiff reasonably led her to rely on the five-day presumption in filing the current complaint, the court will apply equitable tolling and deny Defendant's motion to dismiss the case.

IT IS ORDERED that Defendant's Motion to Dismiss [7] is denied.