**Edward Ramos SOUSA,**
**Plaintiff-Appellant,**

v.

NATIONAL LABOR RELATIONS BOARD and Samuel Kaynard, Regional Director, Region 29, N.L.R.B., Defendants-Appellees.

No. 893, Docket 86–6215.

United States Court of Appeals,
Second Circuit.

Argued March 6, 1987.

Decided April 23, 1987.

* The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation.

Edward Ramos Sousa, pro se.

Pamela R. Perron, Asst. U.S. Atty., E.D. N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., Robert L. Begleiter, Asst. U.S. Atty., E.D.N.Y., on the brief), for defendants-appellees.

Before OAKES and WINTER, Circuit Judges, and METZNER, District Judge.*

PER CURIAM:

Edward Ramos Sousa, appearing pro se, filed a complaint with the Equal Employment Opportunity Commission ("EEOC") charging his employer, the National Labor Relations Board ("NLRB") with discriminatory action. The complaint was ultimately dismissed by the EEOC, and notice thereof given by letter dated August 16, 1985. The court below held that Sousa had constructive notice of the letter as of August 31, 1985, and that his complaint filed on October 8, 1985, was untimely.

The letter advised Sousa that he had a right to file a civil action in the federal district court within thirty days of receipt of the notice of dismissal. 42 U.S.C. § 2000e–16(c). The letter was sent by certified mail to a post office box maintained by Sousa.

The usual claim check for certified mail (PS Form 3849) was attached to the envelope. The check consists of two parts separated by a perforation. The main part identifies the letter, its addressee, etc., and provides space for the addressee's signature which acknowledges receipt of the letter. The second part is stapled to the letter, and under the word "Date," appears a stamped notation of "AUG 31 1985." Under the heading "1st Notice," the date "9/5" appears in ink, obviously written over the stamp. "AUG 31 1985" represents the date the letter was received at the post office. When delivery of certified mail cannot be personally effected, the

main part of the form is placed in the addressee's mailbox, whether at home or at a post office, notifying him that the certified mail can be picked up at the post office. *See Hornsby v. United States Postal Service,* 787 F.2d 87, 91 (3d Cir. 1986). "9/5" represents the date the first attempted delivery was made. Consequently, only the main part of the check was available for Sousa at his box on Thursday, September 5, 1985. In order to get the letter, Sousa would have had to take the notice to the proper counter in the post office and sign it before receiving the letter. This was done on Tuesday, September 10.

Sousa filed his complaint on October 8, 1985, which would be timely filing if September 10 is considered "the receipt date of the decision." The filing is three days late if Sousa is considered to have had constructive possession of the letter on September 5.

There are cases discussing constructive possession in connection with 42 U.S.C. § 2000e–5(f)(1) which requires that actions by nongovernmental employees for Title VII relief must be commenced within ninety days "after the giving of [such] notice." In *Archie v. Chicago Truck Drivers, etc.,* 585 F.2d 210 (7th Cir.1978), the court eschewed constructive notice when the claimant's wife failed to tell her husband of the receipt of the letter. The same court, however, found constructive notice when the attorney for the claimant received the notice. *Jones v. Madison Service Corp.,* 744 F.2d 1309, 1312 (1984). In *Espinoza v. Missouri Pacific R.R.,* 754 F.2d 1247, 1250 (5th Cir.1985), the court disagreed with the reasoning in the *Archie* case, *supra,* and said that notice was given to the claimant at the place he indicated, and since it was received at that place by the claimant's wife, there was actual, not constructive, notice. The court held that the giving of this notice sufficed to start the ninety days unless the claimant, through no fault of his own, failed to receive the letter, "or unless, for some other equitable reason, the statute should be tolled until he actually receives the notice."

In this case the statute, Section 2000e–16(c), requires that a complaint by a government employee be filed "[w]ithin thirty days of receipt of notice of final action...." We have here a pro se litigant proceeding under a remedial statute of broad social and economic import. In *Bell v. Brown,* 557 F.2d 849, 857 (D.C.Cir.1977), the court, after finding that claimant was not represented by counsel, held "that the 30–day period for filing suit did not begin to run until appellant actually received the board's decision...." In that case notice was mailed on August 27, but was not received by the claimant until he returned from vacation on September 3. *See also Craig v. Department of Health, Education and Welfare,* 581 F.2d 189 (8th Cir. 1978).

The receipt by Sousa of the notice on September 10 is the effective date for measuring the 30–day period. A 5–day delay, which included a weekend, is not an unreasonable time for Sousa to have failed to visit the box.

It may be that unexplained failure to visit a post office box for a long period of time might result in a different conclusion. This court is not prepared to go as far as did the court in *Hornsby, supra* at 91, when it held:

"Should the government on remand establish no more than that the Postal Service on two occasions deposited Form 3849 in Hornsby's mailbox, it will have failed, as a matter of law, to establish that the thirty-day time limit in section 2000e–16(c) bars Hornsby's complaint."

The complaint was timely filed.

The order of dismissal is reversed and the case remanded to the district court for further proceedings.