Kathleen **RASMUSSEN**, Plaintiff,

v.

**SIGMA CORPORATION OF AMERICA, and Yoshio Yamaki, Defendants.**

No. CV 96–5432 (ADS).

United States District Court, E.D. New York.

Dec. 5, 1998.

**MEMORANDUM OF DECISION
AND ORDER**

SPATT, District Judge.

On October 29, 1996, the plaintiff, Kathleen Rasmussen ("Rasmussen" or the "plaintiff") initiated this lawsuit against her former employer and supervisor, the defendants Sigma Corporation of America ("Sigma") and Yoshio Yamaki ("Yamaki," collectively the "defendants"), by filing a complaint alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* At issue is the defendants' motion for summary judgment dismissing the complaint on various grounds. The Court addresses only one of those grounds, which raises an interesting and apparently novel issue of law in this Circuit: whether the complaint is barred for failure to commence this suit within 90 days after the EEOC's right to sue letter was delivered to the plaintiff's home and signed-for by her teenage daughter, despite the plaintiff's contention that she was out of the country when the letter was delivered, she did not learn of the letter upon her return home four days later, and she did not actually see the letter until 17 days later, when her husband discovered he letter in their daughter's bedroom. If the clock began ticking when the plaintiff actually saw the letter, her complaint is timely; on the other hand, if it runs from the date when the letter was delivered to the plaintiff's residence and accepted by her daughter, the complaint is barred.

**I. BACKGROUND**

The following facts are not in dispute, except where indicated otherwise.

**A. The Alleged Employment Discrimination**

Sigma is a company located in Ronkokoma, New York, and is in the business of selling and distributing photographic equipment, manufactured by Sigma's parent company in Japan. Rasmussen is a Caucasian, American woman who was in her early forties at the time of her discharge. Sigma hired Rasmus-

Semon & Mondshein, Woodbury, NY (Lee J. Mondshein, of counsel), for Plaintiff.

Friedman Siegelbaum LLP, New York City, (Albert J. Solecki, Jr., Lori A. Mazur, of counsel), for Defendants.

sen as a part-time clerical and secretarial employee in September 1986.

The plaintiff alleges that during her nine years of employment, she was subjected to anti-American, anti-female and age-related comments by the defendant Yamaki, Sigma's president. In August 1995, Rasmussen's employment was terminated, ostensibly because she had abused Sigma's policy by requesting vacation time to which she was not entitled, failing to report to work, and making an outburst in front of other employees. Rasmussen claims that her discharge was pretextual age, sex and national origin discrimination, and notes that she was replaced with an under-forty female employee of Japanese ancestry.

## B. Rasmussen's Administrative Charge and Complaint

On October 24, 1995, Rasmussen filed a charge of discrimination with the New York State Division of Human Rights, and on November 8, 1995, filed a charge with the EEOC, claiming that she was unlawfully discharged on the basis of her age and national origin (Solecki Decl.: Exhibit F).

By letter dated July 16, 1996, Lee J. Mondshein, Rasmussen's attorney, wrote to the EEOC requesting a right to sue letter (Solecki Decl.: Exhibit G). On July 22, 1996, the EEOC issued Rasmussen such a letter (Solecki Decl.: Exhibit H).

In relevant part, the right to sue letter states:

> TO THE PERSON AGGRIEVED: This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, **YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE; OTHERWISE YOUR RIGHT TO SUE IS LOST.**

(Solecki Decl.: Exhibit H) (emphasis supplied in the letter). Under a separate section of the letter labeled "ADEA," it states in pertinent part:

> ADEA: While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until **90 days after you receive notice that EEOC has completed action on your charge.**

(Solecki Decl.: Exhibit H) (emphasis supplied in the letter). It is noted that the 90–day warning is set forth in bold, dark letters (Solecki Decl.: Exhibit H).

Another portion of the letter states, "With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is **terminating its process with respect to this charge.**" (Solecki Decl.: Exhibit H) (emphasis supplied in letter).

On July 25, 1996, the right to sue letter was delivered to Rasmussen's residence via certified mail and Rasmussen's "teenage" daughter signed for and accepted it (Solecki Decl.: Exhibit I). Rasmussen testified at her deposition that she did not recall when she received the letter (Rasmussen Dep., at 85–86). She now states in her affidavit in opposition to the summary judgment motion that she did not actually see the letter until August 11, 1996, the date when her husband, George Rasmussen, discovered the letter in their daughter's bedroom (G. Rasmussen Aff., ¶ 4; K. Rasmussen Aff., ¶ 6). The Rasmussens state in their affidavits to the Court that they were out of the Country on vacation from July 19 through July 29, 1996, and were not at home when the letter was delivered to their residence and signed for by their daughter on July 25, 1996 (G. Rasmussen Aff., ¶ 3; K. Rasmussen Aff., ¶ 4).

According to the defendants, the right to sue letter was also sent to Mondshein, Rasmussen's attorney, although this is not set forth in the letter itself, which indicates only that it was sent to Sigma and to Rasmussen. In support of their contention, the defendants submit to the Court a copy of the certified mail receipts which the EEOC supplied pursuant to their Freedom of Information Act request. The defendants assert these receipts reflect that on July 22, 1996, the EEOC sent Mondshein a copy of the right to sue letter by certified mail (Solecki Reply Decl.: Exhibit A). However, the sole writing on the certified mail receipts is an illegible scrawl across the face of each receipt, and Mondshein states "categorically

and without any hesitancy or reservation of any kind whatsoever that at no time did the law firm of Semon & Mondshein, or [Mondshein himself] receive a copy of the right to sue letter from the EEOC." (Solecki Reply Decl.: Exhibit A; Mondshein Aff., ¶ 6).

The parties agree that Rasmussen filed her complaint in this Court on October 29, 1996, alleging Title VII and ADEA discrimination.

## II. DISCUSSION

### A. Summary Judgment: The Standard

Summary judgment is appropriate only where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law. *In re Blackwood Associates, L.P.*, 153 F.3d 61, 67 (2d Cir.1998) (citing Fed.R.Civ.P. 56[c]; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party. *Castle Rock Entertainment, Inc. v. Carol Pub. Group, Inc.*, 150 F.3d 132, 137 (2d Cir.1998) (citing *Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 26 (2d Cir.1988)). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *See Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 128 (2d Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir.1991). The trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 522 (2d Cir.1996) (quoting *Gallo v. Prudential Residential Servs., Ltd., Partnership*, 22 F.3d 1219, 1224 (2d Cir.1994)), *cert. denied sub. nom, Zollo Drum Co., Inc. v. B.F. Good-rich Co.*, —— U.S. ——, 118 S.Ct. 2318, 141 L.Ed.2d 694 (1998).

It is within this framework that the Court addresses the grounds for the defendants' summary judgment motion.

### B. The Timeliness of the Title VII and ADEA Claims

In the Court's opinion, the central issue confronting the Court is whether under the conceded facts of this case, this action is untimely because the complaint was filed more than ninety days after the right to sue letter was delivered to Rasmussen's home on July 25, 1996 (Solecki Decl.: Exhibit H). In deciding this question, the Court does not consider whether Rasmussen's counsel received the letter, since there exists, at the very least, a factual dispute on that issue which could only be resolved by a hearing. For purposes of deciding this motion, the Court construes the facts in a light most favorable to the plaintiff, and assumes that although her daughter actually received the letter on July 25, 1996, Rasmussen herself did not see the letter until August 11, 1996, when her husband discovered it in their daughter's room.

■■■ To be timely, a claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right to sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *see also Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149–50, 104 S.Ct. 1723, 1724–25, 80 L.Ed.2d 196 (1984) (per curiam) ("The section of Title VII at issue here [42 U.S.C. § 2000e–5(f)(1) ] states that within 90 days after the issuance of a right-to-sue letter 'a civil action may be brought against the respondent named in the charge.' "); *Sherlock v. Montefiore Medical Ctr.*, 84 F.3d 522, 525–26 (2d Cir.1996); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir.1994). The requirement that a lawsuit be brought within 90 days of receiving a right to sue letter from he EEOC is treated like a statute of limitations. *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984); *Truitt v. County of Wayne*, 148 F.3d 644, 646–47 (6th Cir.1998) ("[W]e hold that the ninety day filing requirement of 42 U.S.C. § 2000e–5[f][1] is … a timing requirement similar to

a statute of limitations, subject to waiver, estoppel and equitable tolling."); *Lake v. Concord Family Services, Inc.*, No. 96 CV 511, 1997 WL 67670, *7 (E.D.N.Y. Jan. 29, 1997) (citing *Johnson v. Al Tech Specialties*, 731 F.2d 143). Thus, the 90–day limit may be tolled for equitable reasons such as: (1) the claimant received inadequate notice; (2) there is a pending motion for appointment of counsel; (3) the Court misled the plaintiff and as a result the plaintiff believed she had done everything required of her; or (4) the defendant engaged in affirmative misconduct, encouraging the plaintiff to take no action. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. at 151, 104 S.Ct. 1723. However, where there are no such equitable considerations, once the 90 days have passed after receipt of the letter, a plaintiff may no longer bring suit. *See Witt v. Roadway Express*, 136 F.3d 1424, 1430 (10th Cir.1998) (one of the plaintiff's Title VII claims was not reinstated because he filed suit approximately 6 weeks after the end of the 90–day period and no circumstances gave rise to equitable tolling); *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1250–51 (5th Cir.1985) (plaintiff who filed suit 92 days after receipt of the right to sue letter did not demonstrate that his failure to comply with 90–day limit was because of circumstances giving rise to equitable tolling, and thus his suit was dismissed).

Interestingly, while there does not appear to be a Second Circuit opinion directly on point, virtually every court to have considered the issue has held "that the 90–day period runs from the day the notice is received by someone at the claimant's residence, such as a spouse or a high school age child, even if the worker does not see the notice until days or weeks later." *Griffin v. Prince William Hospital Corp.*, 716 F.Supp. 919, 921 & n. 5 (E.D.Va.1989) (citing cases); *see also O'Neal v. Marine Midland Bank, N.A.*, 848 F.Supp. 413, 417 W.D.N.Y.1994) ("upon a careful reading of the language of § 2000e–5[f][1], it is apparent that the ninety day period runs from 'the giving of such notice,' rather than from the date the claimant actually 'receives' notice in hand."), *affirmed by summary order*, 60 F.3d 812 (2d Cir.1995); *Harvey v. City of New Bern Po-*

*lice Dept.*, 813 F.2d 652, 654 (4th Cir.1987) (an employment discrimination action initiated more than 90 days after the employee's wife received the right to sue letter was untimely, even though the action was commenced within 90 days of the employee's actual receipt of the letter, where the employee learned of the letter within 6 days of its arrival and there was no showing that the 84 remaining days were not sufficient time within which to file the complaint); *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir.1992) (receipt of notice by claimant's wife starts clock running); *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir.1992) (filing period began to run where the right to sue letter was received by the claimant's daughter, even though claimant did not learn of letter until five days later); *Million v. Frank*, 47 F.3d 385, 388 (10th Cir.1995) ("In the absence of equitable considerations demanding a different result, receipt at a plaintiffs address of the right to sue letter constitutes receipt sufficient to start the running of the time period for filing a discrimination action."); *Law v. Hercules, Inc.*, 713 F.2d 691 (11th Cir.1983) (an EEOC claim was barred for failure of the claimant to commence a civil suit within 90 days after his 17–year–old son signed for receipt of certified mailing of the EEOC notice of the right to sue, despite the claimant's contention that the notice had been placed by the son on the kitchen table and had not come to the claimant's attention until "one or two days later"); *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086 (11th Cir. 1982) (the plaintiff was out of town when the right to sue letter was delivered to his residence, and accepted and signed for by his wife, and first learned of the right to sue letter 8 days later); *Thomas v. Exxon* 943 F.Supp. 751, 756 (S.D.Tex.1996) ("Numerous courts have held that the period for filing begins to run when there has been receipt by a member of the plaintiffs household at the plaintiffs address, unless the plaintiff establishes equitable considerations which would justify tolling."), *affirmed by summary order*, 122 F.3d 1067 (5th Cir.1997); *Roberson v. Bowie State University*, 899 F.Supp. 235, 238 (D.Md.1995) (finding that the filling was untimely where the plaintiff admitted that he knew of the right to sue letter within 17 days

of his daughter's receipt of it); *Lomans v. Monmouth Chemical Dependency Treatment Center, Inc.,* 1992 WL 281107, *2 (D.N.J. Oct.5, 1992) ("delivery to a plaintiff's address of record is sufficient to trigger the commencement of Title VII's ninety-day period, even though plaintiff does not receive actual notice until sometime later").

■ In light of the weight of this precedent and the clearly established criteria, the Court is constrained to find that Rasmussen "received" the right to sue letter on July 25, 1996, the date when her teenage daughter accepted the certified letter at her residence (Solecki Decl.: Exhibit H). Since Rasmussen filed her complaint on October 29, 1996, more than ninety days after such receipt, this action is time-barred. In the Court's view, while this is a harsh result, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As [the Supreme Court] stated in *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980), '[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law.'" *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. at 152, 104 S.Ct. at 1726. "If the rule were otherwise, a plaintiff would be permitted to 'enjoy a manipulable, open-ended time extension which could render the statutory limitation meaningless....'" *Million v. Frank,* 47 F.3d at 388 (citing *Lewis v. Conners Steel Co.,* 673 F.2d 1240, 1242 (11th Cir.1982)).

"While the 90-day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" *Johnson v. Al Tech Specialties,* 731 F.2d 143, 146 (quoting *Rice v. New England College,* 676 F.2d 9, 11 (1st Cir.1982)). The Court finds that no such equitable considerations are present here. Rasmussen admittedly learned of the letter within 17 days of its arrival, and there has been no showing that the 73 remaining days were not sufficient time within which to file the complaint. *See Harvey v. City of New Bern Police*

*Dept.,* 813 F.2d at 654. In addition, none of the equitable factors outlined in *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. at 151, 104 S.Ct. 1723 are present. Reviewing the factors in this case, there was no pending motion for appointment of counsel; the Court did not mislead the plaintiff so that the plaintiff believed she had done everything required of her; and there is no suggestion that the defendants engaged in affirmative misconduct, encouraging the plaintiff to take no action.

The sole equitable reason cited by the plaintiff is that she purportedly received inadequate notice. In this regard, she contends that the EEOC letter does not "alert the individual claimant as to its potential pitfalls by providing language or notification that 'receipt' need not be receipt directly by the claimant." (Plaintiff's Brief, at 13). The Court disagrees. The standard EEOC form on which the right to sue letter was issued adequately and expressly conveyed to Rasmussen her rights by telling her, "If you intend to sue the respondent(s) named in your charge, **YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE; OTHERWISE YOUR RIGHT TO SUE IS LOST.**" (Solecki Decl.: Exhibit H) (emphasis supplied in the letter). In the Court's view, the letter could not be clearer.

The Court also declines Rasmussen's invitation to find that the EEOC letter "is misleading and contradictory [because] the box ... which would indicate that the EEOC has closed the case and advises the Claimant that the lawsuit under the ADEA must be brought within ninety (90) days of the receipt of notice, was not checked." (Plaintiff's Memorandum of Law, at 14). However, the letter unambiguously states:

ADEA: While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until **90 days after you receive notice that EEOC has completed action on your charge.**

Solecki Decl.: Exhibit H) (emphasis supplied in letter). In addition, directly above the

purportedly faulty ADEA box is a checked box. Next to the checked box it states, "With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is **terminating its process with respect to this charge.**" (Solecki Decl.: Exhibit H) (emphasis supplied in letter). In short, a review of the letter leads to the inescapable conclusion that any reasonable reader would know of her obligation to file suit within 90 days of delivery of the letter to her residence.

The Court distinguishes the cases cited by the plaintiff. In *Sousa v. NLRB*, 817 F.2d 10, 11 (2d Cir.1987), the Second Circuit held that the 30–day statute of limitations period then applicable to claims against government entities ran from the date when the plaintiff picked up the certified letter from the post office and not on the date when a notice was placed in his post office box alerting him that the post office was holding certified mail. *Id.* If anything, *Sousa* supports the Court's ultimate conclusion that Rasmussen's time began to run when delivery of the letter was accomplished—that is, when a member of her household and family signed for and accepted the certified letter.

The plaintiff also cites the Seventh Circuit's decision in *Archie v. Chicago Truck Drivers*, 585 F.2d 210 (7th Cir.1978), and the Fifth Circuit's opinion in *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), which the Seventh Circuit relied on in *Archie*. In *Archie*, the Seventh Circuit ruled that receipt by the plaintiff's wife at his residence did not trigger the ninety-day period, holding instead that "the ninety-day period of limitation set forth in 42 U.S.C. § 2000e–5(f)(1) begins to run on the date on which a claimant actually receives from the EEOC his notice of right-to-sue." *Archie*, 585 F.2d at 216. Similarly, in *Franks*, the right-to-sue letter was received at the claimant's mailing address by his nine-year old nephew, who lost the letter before he saw or read it. Approximately a year later, the plaintiff contacted the EEOC and learned that the right-to-sue letter had been issued and forwarded to his residence. A new letter was issued by the EEOC, and the plaintiff filed suit shortly thereafter. The Court held that, although receipt at the

plaintiff's mailing address constituted *prima facie* evidence of notification, on these facts, statutory notification took place only upon actual receipt by the plaintiff. The Court concluded that where "it is shown that the claimant through no fault of his own has failed to receive the suit letter ... the delivery of the letter to the nailing address cannot be considered to constitute statutory notification." *Id.* 495 F.2d at 405 (emphasis added).

The Court declines to follow these early, non-binding opinions, especially since both Circuits which rendered the opinions have apparently limited the holdings to their facts and seemingly altered their views. *See, e.g. St. Louis v. Alverno College*, 744 F.2d 1314, 1316 (7th Cir.1984) (holding that the 90–day limit began running on the date the notice was delivered to the most recent address the plaintiff provided the EEOC, even though the plaintiff did not receive actual notice until several months later because he had moved without notifying the EEOC and even though the plaintiff's new address appeared on two state administrative documents contained in the EEOC file). Importantly, in *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247 (5th Cir.1985), the Court explained that:

> Both *Franks* and *Archie* were decided at a time when there was considerable uncertainty whether compliance with the ninety-day period was a jurisdictional prerequisite to suit and whether the period was subject to waiver and tolling. That uncertainty has since been eliminated.... *Now that we recognize that the ninety-day period is akin to a statute of limitations, and is subject to equitable tolling*, we may adopt a rule which serves the purpose of the statute while at the same time providing relief in extreme cases like *Franks*. We hold that the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice.

*Id.* 754 F.2d at 1249 (emphasis added).

As discussed above, no such equitable concerns are present here. For these reasons,

the Court holds that the plaintiff's action is time-barred, and summary judgment dismissing the complaint is granted in favor of the defendants. Since this ruling is dispositive of the entire case, the Court need not consider the remaining grounds which the defendants advance in support of summary judgment.

## III. CONCLUSION

Having reviewed the parties' submissions, heard oral argument and for the reasons set forth above, it is hereby

**ORDERED**, that the defendants' motion for summary judgment pursuant to Fed. R.Civ.P. 56 dismissing the complaint is granted; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case.

**SO ORDERED.**