Ollie M. BOWENS, Plaintiff,

v.

BIG K-MART CORP., Defendant.

No. 99-CV-5460.

United States District Court,
E.D. New York.

Sept. 15, 2000.

Ollie M. Bowens, Cambria Heights, NY, Plaintiff pro se.

Cullen & Dykman, Brooklyn, NY, Maurice L. Miller, of counsel, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Plaintiff *pro se* commenced this action alleging discrimination in employment, relating to her termination from Defendant Big K-Mart Corp. ("K-Mart"). Presently before the Court is K-Mart's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) as untimely, and the Plaintiff's motion for appointment of counsel.

The legal claims asserted in the Plaintiff's complaint are somewhat unclear. On the form discrimination complaint filled in by the Plaintiff, under the heading "This action is brought for discrimination in employment pursuant to:", boxes are checked indicating causes of action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* and the Americans With Disabilities Act, 42 U.S.C. § 12112 *et seq.* In addition, while the box next to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* is unchecked, someone, presumably the Plaintiff, underlined the words "race," "color," and "religion" in the description of the statute. Later in the form, under the heading "Defendant(s) discriminated against me based on my:", the Plaintiff checked lines for "race," "color," "gender," "religion," and "age," but left "disability" unchecked.

According to the attached narrative statement, the Plaintiff was hired by K-Mart on October 9, 1994, and transferred to a new store in Valley Stream, N.Y. on December 5, 1997. The Plaintiff contends that at the Valley Stream store, the Main Floor Supervisor would not address her directly, and would give the Plaintiff assignments by speaking to someone else near her. When she complained to the Store Manager, she was simply told that the Supervisor "did not like [her]."

On October 7, 1998, the Plaintiff was apparently accused of falsely marking down merchandise for her own purchase. Although the Plaintiff contends that she merely did as she was instructed to do, she claims that she was confronted by the Store Manager who threatened to call the police if she did not pay $ 500 for the merchandise she allegedly discounted. In addition, the narrative statement alleges that the Plaintiff was forced to work Sundays, despite a previous assurance that she would not have to do so.

According to the form complaint, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on October 8, 1998. On June 8, 1999, the EEOC issued a right-to-sue letter to the Plaintiff, and according to the complaint, she received the letter on June

10, 1999. The Plaintiff then commenced this action on September 8, 1999.

K-Mart moves to dismiss the case on the grounds of untimeliness. Specifically, K-Mart alleges that the Plaintiff did not file the lawsuit within 90 days of receipt of the right-to-sue letter as required by 42 U.S.C. § 2000e-5(f)(1) ("within ninety days after the giving of such notice a civil action may be brougt against the respondent"), but rather, filed the case on the 91st day.

The 90-day period begins to run on the date the plaintiff or someone at her residence receives the right-to-sue letter. *Rasmussen v. Sigma Corp.*, 27 F.Supp.2d 388, 392 (E.D.N.Y.1998). However, Fed. R. Civ. P. 6(a) also states that "in computing any period of time prescribed or allowed by ... any applicable statute, *the day of the act, event, or default from which the designated period of time begins to run shall not be included.*" Fed. R. Civ. P. 6(a) (emphasis added); *In re Black & Geddes, Inc.*, 35 B.R. 827, 828 n. 1 (Bankr.S.D.N.Y.1983).

Because the Plaintiff admittedly received the letter on June 10, 1999, the 90-day period began running the next day, with the first day of the 90-day period being June 11, 1999. *See Mina Investment Holdings, Ltd. v. Lefkowitz*, 184 F.R.D. 245, 249 (S.D.N.Y.1999) ("Since the opinion was entered on August 10, 1998, the first of the ten days within which the notice of motion for reconsideration was required to be served was August 11"). If June 11, 1999 was Day 1, then the 90th day was September 8, 1999, the same day the Plaintiff filed this action.

Accordingly, K-Mart is incorrect and the Plaintiff's complaint was filed within 90 days of her receipt of the right-to-sue letter, as that time period is computed under Fed. R. Civ. P. 6(a). The complaint is therefore timely under 42 U.S.C. § 2000e-5(f)(1), and K-Mart's motion to dismiss is thus DENIED.

The Court is also in receipt of the Plaintiff's motion for appointment of counsel filed on March 17, 2000. The Court having reviewed the application and the claims in the case, the Plaintiff's application is DENIED without prejudice to renewal at the conclusion of discovery.

The Plaintiff and K-Mart's counsel are directed to proceed to discovery forthwith in accordance with the pretrial scheduling order set by United States Magistrate Judge Arlene Lindsay on July 28, 2000.

**SO ORDERED.**