NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   CC-13-1006-KiTaKu |
| DISCIPLINARY PROCEEDING OF BRUCE M. GREENFIELD, | MP No.    2:11-00179-TD |
| BRUCE M. GREENFIELD, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| PETER C. ANDERSON, UNITED STATES TRUSTEE, REGION 16, | |
| Appellee. | |

Submitted Without Oral Argument
on September 19, 2013,[2]

Filed - October 1, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Hons. Thomas B. Donovan, Erithe A. Smith and Sandra R. Klein,
Bankruptcy Judges, presiding

Appearances:   Appellant Bruce M. Greenfield pro se on brief;
Ramona D. Elliott, P. Matthew Sutko, Cameron M.
Gulden, Peter C. Anderson, Jennifer L. Braun and
Katherine C. Bunker on brief for appellee Peter C.
Anderson, United States Trustee.

Before: KIRSCHER, TAYLOR and KURTZ, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] On August 2, 2013, the Panel unanimously determined that this appeal was suitable for submission on the briefs and record without oral argument pursuant to Fed. R. Bankr. P. 8012.

Appellant, Bruce M. Greenfield ("Greenfield"),[3] appeals an order from the bankruptcy court denying his motion under Civil Rule 60(b) to vacate a disciplinary order entered against him. We AFFIRM.

We begin by noting the severe deficiencies in Greenfield's appellate brief and excerpts of the record. His brief fails to include a table of contents, a table of cases, a statement of the basis of appellate jurisdiction, a statement of the issues presented on appeal, a statement of the facts or the case, any argument, citations to relevant authorities or the record, and a conclusion. These deficiencies are severe violations of Rule 8010(b)(1)(A), (B), (C), (D), (E) and (F).[4] For these reasons, we have the authority to strike Greenfield's brief and dismiss his appeal for failing to comply with the rules of appellate briefing. See N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997). Greenfield's excerpts of the record are also woefully inadequate, consisting only of his motion to vacate, the first page of the nine-page related order, and the letter from his physician filed in support of his motion. Many necessary documents are missing in violation of Rule 8009(b).

The United States Trustee ("Trustee") provided in his response brief a proper accounting of the facts and complete excerpts of the record, consisting of over 1,400 pages.

---

[3] Mr. Greenfield, Bar No. 80122, was admitted to the California bar in 1978.

[4] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Therefore, considering that we have a complete record and the severity of this matter, we exercise our discretion to review the merits of this appeal, keeping in mind that we can affirm on any basis supported by the record.  Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   Authority for disciplinary proceedings**

The Bankruptcy Court for the Central District of California provides a process for the discipline of attorneys appearing before it.  Fourth Amended General Order 96-05 authorizes bankruptcy judges in the district to recommend that disciplinary proceedings be commenced against an attorney.  Upon a judge's recommendation, otherwise known as a "referral," the Clerk of Court then randomly selects three other bankruptcy judges in the district to serve on a panel for a disciplinary proceeding, and notice of the proceeding is sent to the attorney and the United States Trustee.

The panel may solicit information about the attorney from other bankruptcy judges in the district, and must set and provide notice of a hearing date.  The attorney then has the opportunity to file a response and may appear at the disciplinary hearing and present evidence to refute any of the allegations.  The United States Trustee may also appear and participate in the presentation of evidence.

After the hearing, the disciplinary panel rules by majority vote.  The panel is authorized to issue an order of discipline and a memorandum of decision.  The order of discipline becomes final 14 days after entry or, if a motion for rehearing is filed,

-3-

14 days after entry of the order disposing of that motion.

**B.    The disciplinary referral against Greenfield**

On August 30, 2011, by way of a referral to the Clerk of Court, the Hon. Victoria S. Kaufman, Bankruptcy Judge for the Central District of California, recommended that a disciplinary proceeding be commenced against Greenfield.  In support, Judge Kaufman offered pleadings filed by Trustee in a chapter 7 case in which Greenfield had represented the debtor, Leonard Greenfield & Assoc. CPA, an entity owned by Greenfield's father.  In that case, Greenfield had filed an appearance for the initial pro se debtor on the filing date of the petition just after the bankruptcy judge was assigned to the case.  In less than a month, the debtor, through Greenfield, filed a motion to convert the case to chapter 11.  Trustee's pleadings included his response to an OSC (entered by Judge Kaufman on May 20, 2011) for why the case should not be dismissed with a 180-day bar and Trustee's request for the initiation of disciplinary proceedings, and Trustee's supplemental response, filed on June 9 and on July 15, 2011, respectively.

According to the referral, upon consideration of Trustee's responsive pleadings and her own observations, Judge Kaufman determined: "Greenfield is not sufficiently competent or qualified to represent debtors in chapter 11 bankruptcy cases.  He does not possess sufficient experience and is not familiar with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules applicable in chapter 11 bankruptcy cases."  The referral also noted that other judges had denied Greenfield's employment in representing chapter 11 debtors, and that his conduct in prior

-4-

chapter 11 bankruptcy cases (and others) had resulted in disgorgement of compensation and imposition of sanctions against him. For example, in March 2010, the Hon. Maureen A. Tighe ordered Greenfield to disgorge fees of $2,500 to a client. In December 2007, Judge Tighe imposed sanctions of approximately $78,000 jointly and severally against Greenfield and his clients for improper litigation tactics. That matter was referred to the state bar disciplinary committee. In September 2004, the Hon. Alan M. Ahart ordered two sanctions for contempt against Greenfield, awarding $3,317 to opposing counsel for Greenfield's harassment of her in a case and ordering a sanction of $9,200.19 against Greenfield under Rule 9011 in another case for the opposing parties' attorney's fees. Greenfield's appeal of the contempt orders was deemed "frivolous" by this Panel, and counsel was awarded sanctions for double costs of $658.88.[5]

In Trustee's pleadings, it was also shown that Greenfield had exhibited a pattern of filing multiple pleadings in bad faith and for improper purposes in several cases, causing unjustified delay and unduly burdening the bankruptcy system. For example, in the chapter 11 case In re 21st Century Props., Inc. (1:09-bk-27480-GM), an entity for which Greenfield was bankruptcy counsel, president and CEO, Greenfield had filed numerous motions, which were noticed to be heard months after being filed, and then

[5] According to a pleading filed by Trustee on March 7, 2012, Greenfield has failed to comply with any disgorgement and sanctions orders issued against him, including a January 19, 2012 sanction for $1,000 issued against Greenfield by the Hon. Peter H. Carroll for his repeated failure to file documents electronically in violation of LBR 5005-4. Judge Carroll also suspended Greenfield from practice in the Central District until he obtained an ECF log-in and password.

filed numerous continuances of these motions, without court permission and for no legitimate reason. Trustee also had reason to believe that Greenfield had forged certain clients' signatures on various documents filed with the court. Finally, Trustee noted that of the nine chapter 11 cases Greenfield had filed since 1999, no plan had been confirmed in any of them.

Judge Kaufman's referral also detailed Greenfield's pattern over the past three years of concealing his identity as counsel in cases until a judge was assigned, so he then could determine if the particular case was being assigned to a judge who had sanctioned him in the past. To accomplish this, clients were advised to file in pro se, despite Greenfield's preparation of the bankruptcy documents. To conceal his existence, Greenfield would insert the typewritten words "Debtor not represented by attorney" in the attorney signature space on his clients' petitions. If the assigned judge had sanctioned him, Greenfield would advise his clients to allow the case to be dismissed, against their better interests, so he could refile and obtain the assignment of a different judge. If the assigned judge had not sanctioned him, Greenfield would immediately file, often on the same day, a substitution of attorney and become counsel of record. This latter scenario occurred in Greenfield's father's bankruptcy case before Judge Kaufman.

**C.    The disciplinary proceeding and the panel's decision**

On September 29, 2011, the Clerk of Court issued and served an order notifying Greenfield that a disciplinary proceeding had

-6-

been initiated against him.[6] Attached to the notice were Judge Kaufman's referral and Trustee's supporting documents offered in the response and supplemental response to the OSC.

On October 24, 2011, the bankruptcy court issued a notice advising Greenfield that the disciplinary proceeding had been set for December 12, 2011.[7] The notice informed Greenfield that he could appear with counsel and/or present evidence. The notice further informed him that the Federal Rules of Evidence applied and that an official record of the proceedings would be maintained as though it were a contested matter. Greenfield was required to file any written statements or declarations in response to the disciplinary charges as least seven days prior to the hearing.

At Greenfield's request, the disciplinary panel continued the hearing until February 13, 2012, and then again until March 19, 2012. The panel also extended the time for him to file any written response until March 12, 2012. The last notice of continued hearing relating to the March 19 hearing, which was issued on February 9, 2012, advised Greenfield that "[n]o further continuances or delay tactics [would] be accepted." Four days after issuance of that notice, by a letter dated February 10, 2012, Greenfield reported to the panel that he was suffering from a long-term medical condition relating to his ear. He again requested a continuance of the February 13 hearing. However, by then the panel had already granted his request for a continuance

---

[6] The disciplinary panel consisted of the Hon. Thomas B. Donovan, the Hon. Erithe A. Smith and the Hon. Sandra R. Klein.

[7] An amended notice was issued three days later, changing the hearing time from 9:00 a.m. to 9:30 a.m.

-7-

of that hearing, which it reset for March 19, 2012.

On February 9, 2012, the disciplinary panel issued a request to all bankruptcy judges in the Central District to file and serve information regarding Greenfield's conduct, along with supporting evidence, by March 1, 2012. Greenfield was given until March 12 to respond to any judicial submissions.

On February 21, 2012, Greenfield filed a third request for continuance, contending that the March 12 briefing deadline placed him under an undue burden to file timely responses due to an alleged improper mailing address that was used by the court. Specifically, Greenfield stated that "since Respondent is actually in suite 403 — according to the lease with the landlord — and the court's mailing list indicates suite 404 and suite 405 — which as a result of this situation — results in a lengthy delay in receipt of mail — and may only provide Respondent with 3 to 5 days; after service of Additional Information by 3/1/12 — to timely respond thereto to each by 3/12/12." Notably, Greenfield's pleading making this assertion indicated his Suite number as 404, as had all previous (and subsequent) pleadings he filed. On March 1, 2012, the panel entered an order denying the third request for continuance. The order also reminded Greenfield that his written response to the allegations in the referral remained due on March 12, 2012. The March 1 order, and all further correspondence from the court, was also sent to Greenfield's home address.

On March 2, 2012, Greenfield filed a "Notice of 'Inactive' Status of Respondent Bruce Greenfield," in which he requested an additional 90-day continuance of the disciplinary hearing, because he was seeking reconsideration of a California State Bar order

-8-

that placed him on inactive status. On March 5, 2012, the panel denied this fourth request, noting that current deadlines remained in effect and that the disciplinary hearing was going forward on March 19, 2012.

Meanwhile, the Hon. Geraldine Mund and Judge Ahart filed responses to the disciplinary panel's information request on February 16 and February 29, 2012, respectively. Coincidentally, Judge Mund had filed a referral for a disciplinary action against Greenfield on February 7, 2012, two days prior to the issuance of the February 9 information request. In her attached referral, Judge Mund expressed her concerns with Greenfield's conduct in his own bankruptcy case, as well as the bankruptcy cases of his related entities (in which he purported to be counsel). This conduct included, among other things, several transfers of fractionalized interests in a leased vehicle followed by a series of bankruptcy filings to prevent repossession. Judge Mund also noted the same concern with Greenfield's filing of cases for entities as pro se to see which judge is assigned, then filing a substitution of attorney naming himself as counsel after the assignment of the bankruptcy judge. She further noted his pattern of trying to convert each case from one chapter to another. Judge Mund opined that Greenfield's conduct was "a massive abuse of the bankruptcy system . . . actionable as to an attorney who has represented clients in bankruptcy for at least the last ten years."

In his response to the information request, Judge Ahart provided more detail explaining the basis for the sanctions he issued against Greenfield in 2004.

-9-

On March 8, 2012, three days after the disciplinary panel denied his fourth continuance request, Greenfield filed a "Reply to Notice of Appearance (Filed by Office of U.S. Trustee)," wherein he contended that the disciplinary hearing should not go forward as "there [was] no useful purpose for either: the respondent or the panel (or judges which submitted additional information); to participate at the hearing — unless Respondent is permitted to propose a Chapter 13 payment plan[.]" (Emphasis in original). He then filed a "Proposed Stipulation" the following day, requesting yet another continuance of the March 19 hearing. In that, Greenfield consented to an interim suspension from the bankruptcy court until such time as his "inactive" status with the state bar was vacated.

On March 9, 2012, the disciplinary panel entered two orders. The first order found that Greenfield's March 8 pleading was "neither correct nor persuasive" in its argument that the disciplinary hearing served no purpose and confirmed that it would proceed on March 19. The second order rejected Greenfield's proposed stipulation.

The disciplinary hearing proceeded on March 19, 2012, at 10:00 a.m. Counsel for Trustee appeared. The panel adjourned until 10:18 a.m., waiting for Greenfield to arrive. He did not appear. He also did not file any responsive brief or evidence to refute Judge Kaufman's referral or Trustee's further pleadings. At the hearing, Trustee reiterated the laundry list of Greenfield's misconduct, noting that Greenfield had failed to pay outstanding sanctions of more than $80,000 in the Central District of California and $20,000 in the Southern District. Trustee

recommended that Greenfield's right to practice law in the Central District be suspended for five years. The panel took the matter under advisement.

On June 27, 2012, the disciplinary panel entered its order of discipline ("Disciplinary Order") and Memorandum. In its detailed and well-supported twenty-five page decision, the panel found that Greenfield: (1) had repeatedly failed to comply with court orders or pay sanctions; (2) had repeatedly abused court procedures; and (3) had abandoned clients. Based on those findings, the panel concluded that Greenfield's conduct warranted discipline and ordered that:

- Greenfield be suspended from the practice of law before the Bankruptcy Court for the Central District for five years;

- Greenfield comply with and demonstrate compliance with all outstanding disgorgement and sanctions orders;

- in any future application for reinstatement Greenfield include a declaration (a) explaining his actions in these cited cases and (b) describing the remedial steps taken by him to demonstrate that he has complied with every outstanding order and to assure the court that he will practice in a manner in compliance with the rules and orders of the court; and

- that a copy of the Memorandum and Disciplinary Order be filed with the California State Bar.

The Disciplinary Order and Memorandum were served on Greenfield at his location of business (Suites 404 and 405) and his personal residence. He did not file an appeal. The Disciplinary Order became final 14 days after entry, on July 11, 2012.

**D.    Greenfield's motion to vacate the Disciplinary Order**

On November 19, 2012, Greenfield moved to vacate the Disciplinary Order under Civil Rule 60(b)(1) for "excusable neglect." Greenfield contended that a medical condition

-11-

concerning his ear, which required surgery, had prevented him from attending the March 19, 2012 hearing. Attached was a letter from Greenfield's physician, dated March 22, 2012, stating that Greenfield had "a chronic ear condition for almost 20 years," and that he had "recently redeveloped the fluid problem in the left ear during an upper respiratory infection." The physician stated that Greenfield's symptoms of hearing loss, discomfort in the left ear and dizziness left him "unable to attend court because of his inability to drive." The physician did not specify which day Greenfield was "unable to attend court." Greenfield also contended that the delay between entry of the Disciplinary Order and the filing of this motion was due to the closure of his office on April 30, 2012, which caused him to be unaware of the panel's decision until October 25, 2012.

Trustee opposed the motion to vacate, contending that Greenfield had failed to establish excusable neglect to warrant vacating the Disciplinary Order. Trustee disputed Greenfield's "delay" contention, asserting that it could not be based on an alleged non-receipt of the order due to his office closure, when a copy of the order had also been sent to Greenfield's home. Alternatively, argued Trustee, because Greenfield knew about the disciplinary proceeding, he could have contacted the court or checked the electronic docket to determine the result of the hearing or whether any order had been entered.

Trustee also disputed Greenfield's argument that a medical condition prevented him from attending the hearing as not supported by evidence to justify his lack of response. The physician's letter was not sworn and was inadmissable hearsay.

-12-

The letter was also dated <u>after</u> the March 19 hearing, and it provided no specific dates or information regarding when Greenfield allegedly was ill or what court hearing he allegedly was unable to attend. Even if Greenfield's condition had prevented him from attending the March 19 hearing, argued Trustee, Greenfield provided no reasonable justification for why he failed to file any written response before the hearing, when he had over five months to do so.

Attached to Trustee's opposition was a copy of an email from Greenfield to counsel for Trustee, dated March 19, 2012, 4:31 p.m. Greenfield's email made no reference to any illness and provided no explanation for why he had failed to appear at the disciplinary hearing earlier that day.

**E.    The disciplinary panel's decision on the motion to vacate**

The disciplinary panel entered an order on December 19, 2012, denying Greenfield's motion to vacate ("Order"). The panel concluded that the motion was not made "within a reasonable time" and did not meet the standards for vacating an order under Civil Rule 60(b) and (c) or Rule 9024. This timely appealed followed.

**II. JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b). We have jurisdiction under 28 U.S.C. § 158(b).

**III. ISSUE**

Did the bankruptcy court abuse its discretion in denying the motion to vacate the Disciplinary Order?

**IV. STANDARD OF REVIEW**

We review the denial of a Civil Rule 60(b) motion for relief from a final judgment or order for abuse of discretion.

-13-

_Pilkington v. Cardinal Health, Inc. (In re Syncor ERISA Litig.)_, 516 F.3d 1095, 1099 (9th Cir. 2008); _Alonso v. Summerville (In re Summerville)_, 361 B.R. 133, 139 (9th Cir. BAP 2007).  A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record.  _TrafficSchool.com, Inc. v. Edriver Inc._, 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

In Greenfield's one-sentence brief, he asserts that the disciplinary panel abused its discretion in denying the motion to vacate for excusable neglect based upon the medical evidence he provided in support.  He also argues that the motion was filed within a reasonable period of time after entry of the Disciplinary Order.  In other words, Greenfield disputes the disciplinary panel's findings of fact.  As such, we can reverse only if we conclude that its findings were illogical, implausible or without support in the record.  _TrafficSchool.com, Inc._, 653 F.3d at 832. We do not so conclude.

**A.   Motions under Civil Rule 60(b)**

Civil Rule 60(b)(1), incorporated by Rule 9024, provides that "[o]n motion and just terms, the court may relieve a party . . . from a final . . . order . . . for . . . excusable neglect."  To determine whether neglect is excusable, the court reviews the four factors set forth in _Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship_, 507 U.S. 380, 395 (1993):  "'(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'"  _Lemoge_

-14-

v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009)(quoting Bateman v. USPS, 231 F.3d 1220, 1223-24 (citing Pioneer, 507 U.S. at 395)). However, these factors are non-exclusive, and the trial court can take "account of all relevant circumstances surrounding the party's omission" in making an equitable determination. Pioneer, 507 U.S. at 395.

Although not raised by Greenfield, we conclude that the disciplinary panel applied the correct legal standard by articulating and reviewing the factors set forth in Pioneer. The panel examined the length and reasons for the delay and also found that Greenfield had not acted in good faith. Prejudice to the opposing party was not at issue, because the disciplinary proceeding was initiated by the bankruptcy court.

**B.  The disciplinary panel did not clearly err in finding that Greenfield had failed to establish excusable neglect.**

It its well-reasoned decision, the disciplinary panel found that Greenfield's motion to vacate was "neither persuasive nor credible under the circumstances." Disciplinary Order (Dec. 19, 2012) 2:16.5-17.5. After carefully reciting the proceeding's procedural history, the panel found that Greenfield's motion was "just the latest in [a] series of delaying tactics[.]" Id. at 6:18. Rather than excusable neglect, the panel found that the motion "support[ed] a finding of obstinance or willful disregard by Greenfield of the court's General Order and the Panel's implementing orders," (id. at 6:21-22) and that Greenfield was "not acting in good faith" (id. at 6:22).

The disciplinary panel was not persuaded by Greenfield's claim that his medical condition prevented him from filing a

-15-

written response or appearing at the March 19 hearing:

> Greenfield reported his medical condition to the court on February 10, 2012, after his third [continuance] request was denied by the Panel. Then, for a variety of reasons, he made several further requests to delay the March 19, 2012 hearing, none of which mentioned medical issues. Greenfield filed four additional [continuance] requests before the Panel's March 12, 2012 deadline for Greenfield's substantive response to the charges. . . . The Panel concludes that the primary reason for Greenfield's requests was his hope for endless (or at least extensive) extensions of the deadline for him to file any response to the pending charges. This pattern undermines, in the Panel's view, any plausible claim that ear problems motivated Greenfield's attempts to delay the March 19, 2012 hearing.
>
> . . . .
>
> Greenfield disregarded several opportunities available to him, during more than five months — from September 29, 2011 until March 12, 2012 — to file any evidence or substantive response he wished to present as a meritorious defense to the pending charges. Even in his Motion, Greenfield offers no substantive response to the disciplinary charges.

Id. at 6:24-7:1, 7:4-9, 8:3-8. The panel noted that the physician's letter, which was dated three days after the March 19 hearing and stated only that Greenfield's "symptoms" rendered him unable to attend court, was never corroborated with any evidence that he actually had surgery to deal with the medical issue "on or about March 19, 2012."[8]

_____

[8] In his excerpts of the record, Greenfield included a copy of an invoice from his ear physician. This document does not appear to have been presented to the bankruptcy court. As such, we generally will not consider it. Oyama v. Sheehan (In re Sheehan), 253 F.3d 507, 512 n.5 (9th Cir. 2001)("Evidence that was not before the lower court will not generally be considered on appeal."); Kirschner v. Uniden Corp. of Am., 842 F.2d 1074, 1077-78 (9th Cir. 1988)(court is concerned only with the record before the trial court when it made its decision). However, even if we did, the invoice actually cuts against Greenfield. It shows that he received treatment, perhaps a surgical procedure, on March 22, 2012, which was three days after
(continued...)

-16-

Ultimately, the panel concluded that the record did not warrant granting Greenfield's motion to vacate:

> [The motion] reveals an unmistakable pattern of seemingly endless denial, avoidance, and delaying tactics based upon spurious and ill-supported cause. It appears that Greenfield's tactics were designed to generate an endless string of delays to shield Greenfield from the need to file a written response to serious charges filed and served more than a year before in this disciplinary proceeding.
>
> . . . .
>
> The Panel believes that the charges were properly evaluated after due notice and reasonable and ample opportunity for Greenfield to present a meritorious defense prior to the March 19 hearing. He did not do so. His neglect or failure to provide such a defense in these circumstances is not excusable.

Id. at 8:10-15, 8:20-24.

Based upon Greenfield's repeated requests for continuances, only one of which mentioned any medical condition, his failure to file any written response to the pending charges despite his ability to file numerous other pleadings, and the lack of any competent evidence of his medical condition, the panel properly questioned the legitimacy of Greenfield's claim that his ear condition prevented him from responding or appearing at the March 19 hearing. Accordingly, we conclude that the disciplinary panel did not clearly err in finding that Greenfield's motion failed to establish excusable neglect under Civil Rule 60(b)(1).

////

///

---

[8](...continued)
the hearing and coincides with the date of the physician's letter. This evidence undermines Greenfield's contention in his motion to vacate that he had surgery "on or about March 19, 2012."

-17-

**C. The disciplinary panel did not clearly err in finding that the motion to vacate was not filed within a reasonable time.**

A Civil Rule 60(b)(1) motion "must be made within a reasonable time," and in any event "no more than a year after entry of the judgment or order[.]" Civil Rule 60(c). "[A] court may deny a Rule 60(b)(1) motion, even if it was filed within the one-year period, if the moving party 'was guilty of laches or unreasonable delay.'" Hidais v. Porter, 2010 WL 760561, at *1 (N.D. Cal. Mar. 4, 2010)(quoting Meadows v. Dom. Rep., 817 F.2d 517, 520-21 (9th Cir. 1987)). "'What constitutes 'reasonable time' within the meaning of Rule 60(c)(1), depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties.'" Lemoge, 587 F.3d at 1196 (quoting Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981)(per curiam)).

Greenfield offers no supporting argument for why the disciplinary panel erred in finding that filing the motion to vacate five months after entry of the Disciplinary Order was not reasonably timely. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999)(issues not raised in appellant's opening brief are deemed waived). Further, because we have already determined that the motion was properly denied for failing to establish excusable neglect, we need not address whether it was also properly denied for not being reasonably timely.

Nonetheless, we see no error here. The record reflects that Greenfield was promptly served with the Memorandum and Disciplinary Order at both his place of business and personal

-18-

residence in June 2012, and that no documents were ever returned to the court as undeliverable. Further, as a practicing bankruptcy attorney in a court that maintains an electronic docket, Greenfield was capable of checking the electronic docket to determine the disposition, if any, of the disciplinary proceeding. Therefore, his contention that he did not discover the panel's ruling until October 25, 2012, for non-service lacks merit and credibility. Lastly, because of Greenfield's long-standing misconduct, the disciplinary panel had an interest in the finality of the charges brought against him. A final decision in this matter was necessary to prevent any further potential harm to the public, other attorneys, and the court.

### VI. CONCLUSION

Based on the foregoing reasons, we AFFIRM.