**Ruby Linda TAYLOR, Plaintiff,**

v.

**John E. POTTER, Postmaster General; Gail Hall, Manager, Human Resources; and Stephen Bushelman, Manager, Human Resources, Defendants.**

**No. CIV.1:04CV00644.**

United States District Court, M.D. North Carolina.

Jan. 25, 2005.

Ruby Linda Taylor, Pleasant Garden, NC, pro se.

*MEMORANDUM OPINION*

BULLOCK, District Judge.

Plaintiff Ruby Linda Taylor, acting *pro se,* filed this employment discrimination action on July 6, 2004, against John E. Potter, in his official capacity as Postmaster General of the United States Postal Service ("USPS"), and Gail Hall and Stephen Bushelman, in their official capacities as human resources managers at the USPS (together "Defendants"). Plaintiff claims Defendants discriminated against her on the bases of race, sex, age, physical disability, and retaliation when she was assigned to a part-time, rather than full-time, position with the USPS. Such claims present a cause of action under Title VII (42 U.S.C. § 2000e *et seq.*) and the Rehabilitation Act (29 U.S.C. § 701 *et seq.*). Before the court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff's complaint is untimely under the applicable statutory period, and because Defendants Hall and Bushelman are not proper defendants under the applicable statutes, Defendants' motion will be granted.

## FACTS

Plaintiff worked full-time for the USPS in the Greensboro, North Carolina District until February 1986, when she was fired. Upon termination, Plaintiff began collecting Worker's Compensation benefits for a job-related injury she suffered in 1984. Plaintiff received these benefits until the USPS rehired her on October 12, 1996, to a "rehabilitation position" at the Asheboro, North Carolina, Post Office. Plaintiff's new position was that of a "Part Time Flexible Distribution Clerk." Because of the part-time status of the rehabilitation position, Plaintiff was entitled to only ninety-six per cent of her retirement benefits and was not eligible for holiday pay. Plaintiff retired from the USPS on June 4, 2004, after an illness forced her to miss several months of work.

Plaintiff initiated Equal Employment Opportunity proceedings in September 2001, alleging that she was discriminated against on the bases of race, sex, age, disability, and retaliation when she was hired to a part-time, rather than full-time, position in 1996. On May 9, 2002, the USPS dismissed her EEO charge for failure to state a claim, a decision that was upheld by the Equal Employment Opportunity Commission ("EEOC") on October 23, 2002. The EEOC issued a final decision denying Plaintiff's claims on March 26, 2004, and informed Plaintiff that she had ninety days from receipt of the final decision in which to initiate a civil proceeding.

## DISCUSSION

In considering a motion to dismiss, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Conclusions of law or unwarranted deductions of fact, however, are not admitted. See *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.,* 14 F.3d 213, 218 (4th Cir.1994). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs,* 882 F.2d 870, 872 (4th Cir.1989).

Plaintiff had ninety days from the date of receipt of the EEOC right-to-sue letter in which to file this action. 42 U.S.C. §§ 2000e–5(f)(1) and 2000e–16(c).

Determination of the date of receipt, therefore, is "critical in determining the commencement of the 90–day period." *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir.1999). When the actual date of receipt is established by the evidence, that date is used to determine the start of the ninety-day period. *Dixon v. Digital Equip. Corp.*, 976 F.2d 725, 1992 WL 245867, at *1 (4th Cir.1992). Where, as here, the actual date of Plaintiff's receipt of the right-to-sue letter is unknown or in dispute,[1] the court will presume receipt three days after mailing by the EEOC. Federal Rule of Civil Procedure 6(e); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148, 104 S.Ct. 1723, 80 L.Ed.2d 196 n. 1 (1984); *Nguyen*, 187 F.3d 630, 1999 WL 556446, at *3. The EEOC letter is certified as having been mailed to Plaintiff on March 26, 2004. Applying the three-day presumption, Plaintiff received the right-to-sue letter on March 29, 2004. The ninety-day filing period commenced on that day and ended June 27, 2004. Plaintiff filed her complaint with this court on July 6, 2004, nine days after the expiration of the ninety-day limitations period, and her complaint must, therefore, be dismissed.[2]

## CONCLUSION

Plaintiff failed to file her complaint within ninety days of receipt of the EEOC right-to-sue letter. "The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir.1987). Therefore, for the reasons set forth in this opinion, the court will grant Defendants' motion to dismiss the complaint.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### ORDER and JUDGMENT

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED AND ADJUDGED that Defendants' motion to dismiss [Doc. # 17] is **GRANTED**, and this action is **DISMISSED** with prejudice.

---

1. Plaintiff claims that the right-to-sue letter was postmarked March 29, 2004, and arrived at her address April 3, 2004. Plaintiff did not produce the envelope bearing the March 29, 2004, postmark or offer any other evidence indicating the date on which she received the right-to-sue letter. "By not submitting the envelope as evidence, [Plaintiff] has placed the issue of notice in dispute." *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *3 n. 3 (4th Cir.1999). The complaint would still be untimely using the April 3 date as the date of receipt.

2. Plaintiff's claims against Defendants Hall and Bushelman must be dismissed regardless of the timeliness of her complaint, as they are not proper defendants under Title VII or the Rehabilitation Act. The only proper Title VII defendant is "the head of the department, agency, or unit," 42 U.S.C. § 2000e–16(c), in this case, Defendant Potter, and liability under the Rehabilitation Act is imposed on public entities, not individuals. *See* 29 U.S.C. § 794; *see also McIntyre v. Robinson*, 126 F.Supp.2d 394, 397 (D.Md.2000).